Vern R. LEMON, Plaintiff-Appellant,

Karen LEMON, his wife, Plaintiff,

v.

FEDERAL INSURANCE COMPANY, Dane County, and Ronald L. Zurbuchen, Defendants-Respondents-Petitioners,

AETNA CASUALTY & SURETY COMPANY, Defendant-Respondent.

Supreme Court

*No. 81–1546. Argued February 3, 1983.—Decided March 29, 1983.*

(Also reported in 331 N.W.2d 379.)

For the defendants-petitioners there were briefs by *John M. Moore, Barrett J. Corneille* and *Bell, Metzner & Gierhart, S.C.,* Madison, and oral argument by *Mr. Corneille.*

For the plaintiff Vern R. Lemon there was a brief by *Bradford W. Wilcox* and *Vance, Wilcox & Short, S.C.,* Ft. Atkinson; and *Kenneth T. McCormick, Jr., Peter E. Hans* and *Boardman, Suhr, Curry & Field,* Madison, and oral argument by *Mr. Hans.*

STEINMETZ, J. The issue in this case is whether a tractor that was repairing a roadside culvert and subsequently involved in a traffic accident is a "motor vehicle" within the meaning of sec. 345.05 (2) (a), Stats. 1975.[1] Sec. 345.05 governs actions against a municipality arising from the negligent operation of a "motor vehicle." No limitation on the amount of damages which may be recovered against the municipality is imposed by that statute. Sec. 895.43, Stats. 1975,[2] governs all other

---

[1] Sec. 345.05 (2) (a), Stats. 1975, provided, in part:

"(2) Any of the following may file a claim for damages against the state or municipality concerned and the governing body thereof may allow, compromise, settle and pay the same:

"(a) A person suffering any damage proximately resulting from the negligent operation of a motor vehicle owned and operated by the state or a municipality, which damage was occasioned by the operation of such motor vehicle in the course of its business. . . ."

This section was repealed and recreated as sec. 345.05 (2), Stats., by ch. 221, sec. 772, Laws of 1979.

[2] Sec. 895.43, Stats. 1975 provided in part:

"(2) The amount recoverable by any person for any damages, injuries or death in any action founded on tort against any volunteer fire company organized under ch. 213, political corporation, governmental subdivision or agency thereof and against their officers, officials, agents or employes for acts done in their official capacity or in the course of their agency or employment, whether proceeded against jointly or severally, shall not exceed $25,000. No punitive damages shall be allowed or recoverable in any such action.

". . . ."

tort actions against municipalities. It limits the recovery of damages to $25,000. Thus, if the tractor involved in this accident is determined to be a "motor vehicle," the defendant county's liability exposure is unlimited.

This case is an action for personal injuries arising out of a collision which occurred on Highway 73 in Dane county on May 14, 1975, between an automobile owned and operated by the plaintiff, Vern R. Lemon, and a John Deere JD500–C tractor owned by the defendant Dane county and operated by one of its employees, Ronald Zurbuchen. Defendant Federal Insurance Company is Dane county's liability insurer. Plaintiffs' amended complaint alleges that the cause of the collision was the negligence of Zurbuchen.

The vehicle operated by Zurbuchen at the time of the accident is a John Deere tractor with a backhoe on one end and a loader at the other end. It has four wheels, the rear wheels being oversized. The tractor is rated at 80 horsepower, has eight forward and four reverse gears, and has a top forward speed of 18 miles per hour. The tractor has an enclosed cab, a revolving light on top, headlights and flashing lights on all four corners.

On the day of the accident, Zurbuchen drove the tractor to the scene of the accident from another job site. Normally the practice was to transport the tractor to a work site by trailer when one was available to haul it. The tractor was at the site repairing a roadside culvert.

At the time of the accident, the bucket of the tractor was located approximately at or over the center line of

---

"(4) . . . When rights or remedies are provided by any other statute against any political corporation, governmental subdivision or agency or any officer, official, agent or employe thereof for injury, damage or death, such statute shall apply and the limitations in sub. (2) shall be inapplicable."

This section was renumbered as sec. 893.80, Stats., by ch. 323, sec. 29, Laws of 1979.

the highway. Just prior to the accident, the tractor had been moved, and it may still have been moving at the time of impact, in order to gain position to change buckets.

The Dane county circuit court, the Honorable William F. Eich, granted a motion for summary judgment finding the tractor was not a motor vehicle within the meaning of sec. 345.05(2)(a), Stats. 1975. The trial judge rested his determination on the fact that the tractor "was not travelling on the roadway in any fashion but rather was in a working position."

The plaintiffs appealed to the court of appeals which reversed the trial court. *Lemon v. Federal Ins. Co.*, 107 Wis. 2d 351, 320 N.W.2d 33 (Ct. App 1982). The court of appeals held the tractor was a "motor vehicle" within the meaning of sec. 345.05(2)(a), Stats. 1975, and that defendants' liability was not governed by sec. 895.43, Stats. 1975. We agree with this holding.

Sec. 345.05(2)(a), Stats. 1975, provided that any person may file a claim for damages against the state or a municipality if that person has suffered any damage proximately resulting from the negligent operation of a motor vehicle owned and operated by the state or municipality, which damage was occasioned by the operation of such motor vehicle in the course of its business. The statutory criteria for making a claim against the state or a municipality are that the damage must result from:

(1) negligent operation of a motor vehicle owned and operated by the state or muncipality;

(2) an operation of the motor vehicle in the course of the state's or municipality's business.

Thus, we must determine whether the tractor involved is a motor vehicle and whether the motor vehicle was being operated in the course of the county's business.

Sec. 345.01, Stats., states that the definitions found in sec. 340.01 are applicable to ch. 345 "unless a different definition is specifically provided." Ch. 345 does not contain a specific definition of "motor vehicle." Thus, the definition in sec. 340.01 applies to the term "motor vehicle" found in sec. 345.05(2)(a), Stats. 1975. Sec. 340.01 contains the following definition of "motor vehicle:"

"(35) 'Motor vehicle' means a vehicle which is self-propelled, including a trackless trolley bus, except that a snowmobile shall only be considered a motor vehicle for purposes made specifically applicable by statute."

Subsec. (35) refers to the term "vehicle," which is defined as follows in sec. 340.01, Stats.:

"(74) 'Vehicle' means every device in, upon or by which any person or property is or may be transported or drawn upon a highway, except railroad trains. A snowmobile shall not be considered a vehicle except for purposes made specifically applicable by statute."

The tractor in the instant case is self-propelled and is therefore a "motor vehicle" as defined by statute. To be a vehicle it need not be transporting a person or property at the time of the accident, but only that it be capable of such transportation on a highway.

The tractor in this case also fits the definition of "road machinery" as that term is defined in sec. 340.01(52), Stats.:

"(52) 'Road machinery' means a piece of mobile machinery or equipment not covered by s. 341.26(1)(d), such as ditch digging apparatus, power shovels, drag lines and earth-moving equipment, or a piece of road construction or maintenance machinery, such as asphalt spreaders, bituminous mixers, bucket loaders, ditchers, leveling graders, finishing machines, motor graders, paving mixers, road rollers, scarifiers, gravel crushers, screening plants, scrapers, tractors, earth movers, front-

or read-end loaders, conveyors, road pavers, or construction shacks. The foregoing enumeration is intended to be illustrative and does not exclude other similar vehicles which are within the general terms of this subsection, whether used for road construction and maintenance or not, which are not designed or used primarily for transportation of persons or property and only incidentally operated or moved upon a highway."

Whether the tractor also satisfies the requirements of sec. 340.01(52), Stats., may be relevant for certain purposes under chs. 341 and 347 for registration and equipment requirements, but it is not relevant for purposes of sec. 345.05. For purposes of sec. 345.05(2)(a), Stats. 1975, the John Deere tractor is a motor vehicle, even though it might be a piece of road machinery for purposes of other statutes.

When a plain meaning of a word in a statute is apparent, the court need not resort to either construction or case law. *Amidzich v. Charter Oak Fire Ins. Co.*, 44 Wis. 2d 45, 51, 170 N.W.2d 813 (1969). Thus, if a certain vehicle constitutes a "motor vehicle" as that term is plainly defined by sec. 340.01(35), there is no need to look beyond that definition. It is self-propelled and therefore it is by statutory definition a "motor vehicle."

It is also apparent that the tractor was being operated in the course of the county's business within the meaning of sec. 345.05(2)(a), Stats. 1975. Digging ditches and repairing culverts along highways are activities within Dane county's course of business.

The defendants maintain that past cases that have defined "motor vehicle" as it applied to the direct action statutes[3] support its contention that the tractor is not

---

[3] Sec. 204.30(4), Stats. 1969, provided:

"Any bond or policy of insurance covering liability to others by reason of the operation of a motor vehicle shall be deemed and construed to contain the following conditions: That the insurer shall be liable to the persons entitled to recover for the death of

a motor vehicle. These cases include *Smedley v. Mil-waukee Automobile Ins. Co.*, 12 Wis. 2d 460, 107 N.W.2d 625 (1961) ; *Norton v. Huisman*, 17 Wis. 2d 296, 116 N.W.2d 169 (1962) ; *Neumann v. Wisconsin Natural Gas Co.*, 27 Wis. 2d 410, 134 N.W.2d 474 (1965). These decisions are distinguishable from the present action.

any person, or for injury to person or property, irrespective of whether such liability be in praesenti or contingent and to become fixed or certain by final judgment against the insured, when caused by the negligent operation, management, control, maintenance, use or defective construction of the vehicle described therein, such liability not to exceed the amount named in said bond or policy."

This section was amended by ch. 26, Laws of 1971, to delete references to "motor vehicles" and substitute references to "negligence." It was revised and renumbered by ch. 375, Laws of 1975, as sec. 632.24, Stats.

Sec. 260.11, Stats. 1967, provided in part:

"(1) Any person may be made a defendant who has or claims an interest in the controversy adverse to the plaintiff, or who is a necessary party to a complete determination or settlement of the questions involved therein. . . . In any action for damages caused by the negligent operation, management, control, .maintenance, use or defective construction of a motor vehicle, any insurer of motor vehicles, which has an interest in the outcome of such controversy adverse to the plaintiff or any of the parties to such controversy, or which by its policy of insurance assumes or reserves the right to control the prosecution, defense or settlement of the claim or action of the plaintiff or any of the parties to such claim or action, or which by its policy agrees to prosecute or defend the action brought by the plaintiff or any of the parties to such action, or agrees to engage counsel to prosecute or defend said action, or agrees to pay the costs of such litigation, is by this section made a proper party defendant in any action brought by plaintiff in this state on account of any claim against the insured. . . ."

This section was amended by ch. 198, Laws of 1969, to delete references to "motor vehicles" and substitute references to "negligence." Ch. 260, Stats., was repealed when the Wisconsin Supreme Court adopted the Wisconsin Rules of Civil Procedure, chs. 801 to 807. 67 Wis. 2d 757 (1975).

In *Smedley, Norton* and *Neumann,* the issue was the interpretation of "motor vehicle" as it appeared in the direct action statutes, which did not provide a definition. Therefore, the court was not restricted in any manner in formulating a definition for the term "motor vehicle." The test created was "whether at the time of the accident the unit [was] being used, managed, controlled, or operated as a motor vehicle in the ordinary meaning of those words." *Smedley,* 12 Wis. 2d at 467. In contrast to the direct action statutes, the motor vehicle code contains a definition of "motor vehicle" for purposes of ch. 345.

Those three cases also involved the negligent operation of independent machines mounted on a truck chassis: a hydraulic crane in *Smedley,* a sewer cleaning machine in *Norton,* and a "Hy-Hoe" excavator in *Neumann.* Once the truck arrived at the job site, the truck was immobilized and the independent machine then began to operate. Those independent machines were not capable of being self-propelled. In the present action, the accident was not caused by an independent machine mounted on a truck chassis. This tractor was capable of self-propulsion even while being operated at the job site.

The legislature has made the policy decision that there be no limitation on the amount of damages which may be recovered against a municipality under sec. 345.05, Stats., even though there is a limitation as to other tort actions not brought pursuant to sec. 345.05. This promotes safety on the highways and protects victims from the risks of the government's use of the highways.

In summary, we hold that sec. 345.05(2)(a), Stats. 1975, applies to the present action. The tractor involved in the accident is a "motor vehicle" because it is self-propelled and capable of transporting people or property upon a highway. The tractor was also allegedly being operated negligently in the course of Dane county's business.

*By the Court.*—The decision of the court of appeals is affirmed.