Donald SCHANKE and Jane Schanke, Plaintiffs-Respondents,†

v.

WISCONSIN COUNTY MUTUAL INSURANCE COMPANY, Winnebago County, and Edward W. Elandt, Defendants-Appellants,

ECONOMY PREFERRED INSURANCE COMPANY, Employers Health Insurance Company, and Louis W. Sullivan, Defendants-Respondents.

Court of Appeals

*No. 92–2449. Submitted on briefs April 13, 1993.—Decided June 16, 1993.*

(Also reported in 502 N.W.2d 866.)

†Petition to review denied.

On behalf of the defendants-appellants, the cause was submitted on the briefs of *Charles H. Bohl, Michael J. Lund* and *Erika T. Flierl* of *Frisch Dudek, Ltd.* of Milwaukee.

On behalf of the plaintiffs-respondents, the cause was submitted on the brief of *Michael S. Siddall* of

*Herrling, Clark, Hartzheim & Siddall, Ltd.* of Appleton.

On behalf of the defendant-respondent Economy Preferred Insurance Company, the cause was submitted on the brief of *David Crist* of *Dempsey, Magnusen, Williamson & Lampe* of Oshkosh.

Before Brown, Anderson and Snyder, JJ.

SNYDER, J. The issue in this case is whether a motor grader that was used to remove snow and ice from county highways and was subsequently involved in a traffic accident is a "motor vehicle" within the meaning of sec. 345.05(2), Stats.[1] The appellants, Wisconsin County Mutual Insurance Corporation, Winnebago County, and Edward W. Elandt, appeal a nonfinal order[2] declaring that the motor grader used by the county was a "motor vehicle" and that the appropriate statutory limit of liability is $250,000 pursuant to sec. 345.05(3).[3] They argue that the motor grader constitutes "road machinery" under sec. 340.01(52), Stats., not a "motor vehicle," and since road machinery

---

[1] Section 345.05(2), Stats., states in relevant part:

A person suffering any damage proximately resulting from the negligent operation of a motor vehicle owned and operated by a municipality, which damage was occasioned by the operation of the motor vehicle in the course of its business, may file a claim for damages against the municipality concerned and the governing body thereof may allow, compromise, settle and pay the claim.

[2] By an order dated October 21, 1992, we granted leave to appeal the nonfinal order entered September 15, 1992.

[3] Section 345.05(3), Stats., states in relevant part:

The limitations under s. 893.80(3) are applicable to a claim under this section, except that the amount recoverable by any person for damages, injuries or death in any action shall not exceed $250,000.

is exempt from registration under sec. 341.05, Stats.,[4] the appropriate statutory liability is the general $50,000 limitation applicable to tort actions against a municipality contained in sec. 893.80(3), Stats.[5] We agree and reverse.

On January 23, 1991, Donald and Jane Schanke were waiting to turn off of State Highway 150 in Winnebago county when the blade of a motor grader driven by a county employee struck the Schankes' vehicle from behind. The Schankes' vehicle sustained damage and Donald suffered various personal injuries. It is undisputed that at the time of the accident and throughout the winter months the motor grader was being used by the county to remove ice and snow from county roads.

The Schankes commenced a lawsuit against Winnebago county, the county's insurer, Wisconsin County Mutual Insurance Corporation, and the operator of the motor grader, Elandt ("the county").[6] Both the

---

[4] Section 341.05, Stats., provides:

**When vehicles exempt from registration.** A vehicle, even though operated on a highway of this state, is exempt from registration when such vehicle:

. . . .

(16) Is a piece of road machinery.

[5] Section 893.80(3), Stats., states in relevant part:

The amount recoverable by any person for any damages, injuries or death in any action founded on tort against any . . . political corporation, governmental subdivision or agency thereof and against their officers, officials, agents or employes for acts done in their official capacity or in the course of their agency or employment . . . shall not exceed $50,000 . . . .

[6] The Schankes also named the following parties as defendants based upon their potential subrogation interests: Economy Preferred Insurance Company (the Schankes' automobile

749

Schankes and the county moved for declaratory judgment to determine the monetary limit of Winnebago county's liability. The county argued that under sec. 893.80(3), Stats., the maximum amount recoverable by any person for damages or injuries in a tort action against a municipality is $50,000. The Schankes argued that the motor grader when used as a snowplow constituted a motor vehicle. Section 345.05, Stats., governs actions against a municipality arising from the negligent operation of a "motor vehicle" and limits the amount of damages recoverable to $250,000.

Both parties acknowledge that under sec. 345.05(1)(bm), Stats., the term "motor vehicle" does not include a vehicle that is exempt from registration under sec. 341.05, Stats. According to sec. 341.05(16), a vehicle is exempt from registration when such vehicle is a piece of road machinery even though operated upon a highway of this state. Therefore, the extent of the county's liability in this case turns on whether the road grader constitutes "road machinery."

The term "road machinery" is defined in sec. 340.01(52), Stats., as follows:

> "Road machinery" means a piece of mobile machinery or equipment . . . such as ditch digging apparatus, power shovels, drag lines and earthmoving equipment, or a piece of road construction or maintenance machinery, such as asphalt spreaders, bituminous mixers, bucket loaders, ditchers, leveling graders, finishing machines, *motor graders*, paving mixers, road rollers, scarificers, gravel crushers, screening plants, scrapers, tractors, earth movers, front- or rear-end loaders, conveyors, road

insurer), Employers Health Insurance Company (the Schankes' health insurer), and Louis W. Sullivan, Secretary of the United States Department of Health and Human Services.

pavers or construction shacks. The foregoing enumeration is intended to be illustrative and does not exclude other similar vehicles which are within the general terms of this subsection, whether used for road construction and maintenance or not, which are not designed or used primarily for transportation of persons or property and only incidentally operated or moved upon a highway. [Emphasis added.]

The trial court determined that the piece of machinery at issue was technically a motor grader, but that the character of the motor grader changed when the county used it for snow and ice removal. The court concluded that since the motor grader was used as a snowplow and was not incidentally operated on the highway, it was a "motor vehicle" within the meaning of sec. 345.05, Stats. Accordingly, the court entered an order declaring the county's maximum liability to be $250,000.

■■■■■

The issue of whether a motor grader constitutes "road machinery" or a "motor vehicle" for the purposes of determining municipal liability requires us to interpret various statutes. The interpretation of a statute is a question of law that this court reviews without deference to the trial court. *Schmidt v. Wisconsin Employe Trust Funds Bd.*, 153 Wis. 2d 35, 41, 449 N.W.2d 268, 270 (1990). When determining the meaning of a statute, our initial inquiry is to the plain meaning of the statute. *Id.* If the statute is unambiguous, we may not resort to judicial rules of interpretation and construction is not permitted. *Id.* Rather, the words of the statute must be given their obvious and intended meaning. *Id.*

751

The controlling statute in this case is sec. 340.01(52), Stats., which defines the term "road machinery." If the motor grader constitutes "road machinery," it is exempt from registration by sec. 341.05, Stats., and therefore cannot be a "motor vehicle" for purposes of the $250,000 municipal liability limit under sec. 345.05, Stats.

We conclude that sec. 340.01(52), Stats., is clear and unambiguous. The legislature specifically named motor graders as a type of equipment to be included as "road machinery." Section 340.01(52) also specifically lists twenty-three other types of equipment which qualify as road machinery. Thus, it is clear that the statute attempts to classify road machinery by the type of equipment, not by its particular use.

The Schankes argue that since the motor grader was being used by the county for snow and ice removal during the winter, it was not road machinery as defined by sec. 340.01(52), Stats., because it was not "incidentally operated or moved upon a highway." The second sentence of sec. 340.01(52) provides that the itemized list is not meant to be exhaustive:

> The foregoing enumeration is intended to be illustrative and does not exclude other similar vehicles which are within the general terms of this subsection, whether used for road construction and maintenance or not, which are not designed or used primarily for transportation of persons or property and only incidentally operated or moved upon a highway.

While it is true that a piece of equipment not specifically listed in the first sentence of sec. 340.01(52) is still considered to be road machinery if it meets the general

752

requirements set forth in the second sentence, the statute does not mandate that the specific equipment listed also meet the general requirements of the second sentence. Rather, the second sentence acts to include other similar vehicles not specifically mentioned but having similar characteristics as those listed. In other words, the motor grader does not lose its status as road machinery under the statute simply because it is used by the county as a snowplow.

The Schankes also argue that the legislative intent behind exempting municipally-owned nonregistered vehicles from the increased liability set forth in sec. 345.05(3), Stats., supports their argument that sec. 345.05(1)(bm) is inapplicable in this case. Both parties recognize that sec. 345.05(1)(bm) was enacted in response to *Lemon v. Federal Ins. Co.*, 111 Wis. 2d 563, 331 N.W.2d 379 (1983), where the Wisconsin Supreme Court held that a tractor was a "motor vehicle" within the meaning of sec. 345.05. *See* sec. 1(B)(3), 1987 Wis. Act 377. The tractor at issue in *Lemon* was essentially confined to the work site, was used to repair a roadside culvert and was only incidentally operated on the highway. *Id.* at 565, 331 N.W.2d at 380.

The legislature was concerned with the potential increased liability to municipalities as a result of *Lemon* and decided that exempting nonregistered motor vehicles would rationally distinguish between those vehicles subject to the general $50,000 limitation contained in sec. 893.80(3), Stats., and those subject to the increased limit of $250,000 in sec. 345.05(3), Stats. The Schankes argue that the obvious assumption by the legislature was that vehicles typically not operated on the road, such as the tractor in *Lemon*, would not be registered. Therefore, the Schankes argue that the legislature clearly did not intend to include the motor

grader in this case in the definition of "road machinery" given that the county was deliberately operating the motor grader on the highway even though it was unregistered.

We recognize and are concerned that Winnebago county and other counties using road machinery as defined in sec. 340.01(52), Stats., other than incidentally upon the highways may be unknowingly or flagrantly violating the legislative intent of sec. 345.05(1)(bm), Stats. However, rules of construction require us to look at the statutory context, history and object to be accomplished only when a statute is found to be ambiguous. *See Nick v. Toyota Motor Sales, U.S.A.*, 160 Wis. 2d 373, 380, 466 N.W.2d 215, 218 (Ct. App. 1991). Since the legislature specifically recognized that a motor grader constitutes "road machinery," we cannot conclude that sec. 340.01(52) or sec. 345.05 is ambiguous. It may be true that the result mandated by the statutes in this case is unintended and unfair, but it is not our function to legislate. The court of appeals is an error-correcting court which does not have a law-developing or law-declaring function. *See State v. Schumacher*, 144 Wis. 2d 388, 407, 424 N.W.2d 672, 679 (1988).

Because we conclude that the motor grader is road machinery as defined by sec. 340.01(52), Stats., and exempt from registration under sec. 341.05, Stats., we must conclude that the motor grader is not a "motor vehicle" under sec. 345.05(1)(bm), Stats., for purposes of the $250,000 liability limit in sec. 345.05(3). Accordingly, we conclude that the county's maximum liability

in this matter is $50,000 pursuant to sec. 893.80(3), Stats.[7]

*By the Court.*—Order reversed.

[7] The Schankes also challenge the constitutionality of sec. 345.05, Stats., arguing that it violates the guarantee of equal protection because there is no rational basis for the difference in the remedy available for victims of collisions with municipally-owned and operated motor vehicles and road machinery. Although both parties addressed the constitutionality of the statute in their briefs in support of declaratory judgment, the parties did not address the issue at the motion hearing and the trial court did not address it. Issues not considered in the trial court generally will not be considered for the first time on appeal. *Wirth v. Ehly*, 93 Wis. 2d 433, 443, 287 N.W.2d 140, 145 (1980). Since the court did not consider this issue and the appeal is taken from a nonfinal order, we decline to address the matter in this appeal.