Thomas D. BINDRIM, Plaintiff,

v.

COLONIAL INSURANCE COMPANY, Defendant-Appellant,†

DAIRYLAND INSURANCE COMPANY and Threshermen's Mutual Insurance Company, Defendants-Respondents,

Deborah HOMMELAND and The Cincinnati Insurance Company, Defendants,

Susan J. DEGANO and Giuliano Degano, Defendants-Third Party Plaintiffs-Respondents,

v.

B & J INSURANCE AGENCY, Third Party Defendant.
[Case No. 92–1279.]

Thomas D. BINDRIM, Plaintiff-Respondent-Cross Appellant,

v.

COLONIAL INSURANCE COMPANY, Defendant-Appellant,†

DAIRYLAND INSURANCE COMPANY and Threshermen's Mutual Insurance Company, Defendants-Respondents,

Deborah HOMMELAND, Defendant,

†Petition to review granted.
†Petition to review granted.

*See Callaghan's Wisconsin Digest, same topic and section number.

The CINCINNATI INSURANCE COMPANY, Defendant-Cross Respondent,

Susan J. DEGANO and Giuliano Degano, Defendants-Third Party Plaintiffs-Respondents-Cross Appellants,

v.

B & J INSURANCE AGENCY, Third Party Defendant-Cross Respondent. [Case No. 92–1645.]

Court of Appeals

*Nos. 92–1279, 92–1645. Oral argument June 15, 1993.—Decided January 5, 1994.*

(Also reported in 512 N.W.2d 210.)

On behalf of defendant-appellant Colonial Insurance Company, there were briefs and oral argument by *Thomas J. Binder* of *Otjen, Van Ert, Stangle, Lieb & Weir, S.C.* of Milwaukee.

On behalf of defendant-respondent Dairyland Insurance Company, there was a brief and oral argument by *John M. Swietlik, Jr.* of *Cook & Franke, S.C.* of Milwaukee.

On behalf of defendant-respondent Threshermen's Mutual Insurance Company, there was a brief and oral argument by *Kristi L. Fry* of *Law Offices of Wagner & Fry* of Fond du Lac.

On behalf of defendants-third party plaintiffs-respondents-cross appellants Susan J. Degano and Giuliano Degano, there was a brief and oral argument by *Thomas B. Hartley* of *Heide, Hartley, Thom, Wilk & Guttormsen* of Kenosha.

On behalf of plaintiff-respondent-cross appellant Thomas D. Bindrim, there was a brief by *Carol Unger-Keizer* of *Law Office of Carol Unger-Keizer* of Delavan.

On behalf of defendant-cross respondent The Cincinnati Insurance Company, there was a brief by *James M. Ryan* and *Christine M. Benson* of *Kasdorf, Lewis & Swietlik, S.C.* of Milwaukee.

Before Brown, Nettesheim and Snyder, JJ.

SNYDER, J. The sole issue in this consolidated appeal is whether a named operator policy issued pursuant to the financial responsibility statutes, ch. 344, Stats., is subject to the requirements of the omnibus coverage statute, sec. 632.32, Stats., which in part prohibits the exclusion of coverage to persons related by blood or marriage.[1] Section 632.32(6)(b)1. We hold that

---

[1] Some confusion arose at oral argument as to what constitutes the "omnibus coverage statute." Case law prior to 1979 identifies the provision presently found in sec. 632.32(3), Stats., as the omnibus coverage statute. *See, e.g., Klatt v. Zera*, 11 Wis. 2d 415, 425, 105 N.W.2d 776, 781 (1960). In 1979, the legislature renumbered and combined several provisions to recreate sec. 632.32, which requires various coverages. *See* sec. 171, ch. 102, Laws of 1979. Subsequent case law refers to the entire sec. 632.32 as the omnibus statute. *See Cardinal v. Leader Nat'l Ins. Co.*, 166 Wis. 2d 375, 393 & n.15, 480 N.W.2d 1, 8 (1992). We

no policy issued pursuant to the financial responsibility statutes may exclude from coverage persons related to the named operator by blood or marriage as mandated by sec. 632.32(6)(b)1.

On August 15, 1988, Thomas D. Bindrim was injured when an automobile owned by Deborah Hommeland and operated by Susan J. Degano struck his motorcycle. At the time of the accident, Colonial Insurance Company insured Susan's husband, Giuliano Degano, as a named operator pursuant to Wisconsin's financial responsibility laws. *See* ch. 344, Stats. Colonial filed an SR-22 form on behalf of Giuliano as proof of financial responsibility pursuant to sec. 344.31, Stats.[2]

Bindrim filed suit alleging that Colonial's policy issued to Giuliano also provided coverage for Susan. In the alternative, Bindrim alleged that uninsured motorist policies issued to him by Dairyland Insurance Company, The Cincinnati Insurance Company, and a policy issued to his father by Threshermen's Mutual Insurance Company provided coverage.[3]

---

refer to sec. 632.32 and its subsections as the omnibus coverage statute.

[2] Section 344.31, Stats., states:

**Certification of insurance as proof.** Proof of financial responsibility for the future may be furnished by filing with the secretary the written certification of any insurer duly authorized to do business in this state that there is in effect a motor vehicle liability policy for the benefit of the person required to furnish proof of financial responsibility . . . . Such certification shall . . . certify coverage for any motor vehicle operated by the named insured.

[3] Susan and Giuliano Degano filed a third-party complaint against B & J Insurance Agency alleging that B & J was negligent in failing to procure insurance for Susan. This part of the dispute is not at issue in this appeal.

Colonial denied that it provided insurance coverage to Susan. Colonial's named-insured endorsement policy issued to Giuliano states in part:

> As to the insurance for **bodily injury** and property damage liability, the definitions, (2) **you** and **your**, (3) **insured person** or **insured persons** are *restricted* to the *individual named* on the policy, **you**, while using the **car**, *provided* the *actual use* of the **car** is with *permission* of the *owner*. [Emphasis in original.]

Both Colonial and Dairyland moved for summary judgment on the issue of coverage. The trial court ruled that Colonial's policy violated sec. 632.32(6)(b)1, Stats., which provides that no policy of insurance may exclude from coverage persons related by blood or marriage to the insured.[4] On May 11, 1992, a judgment was entered declaring that Colonial owed coverage to Susan and dismissing Bindrim's claims against Dairyland.[5]

Colonial filed a notice of appeal from the May 11 judgment in which Dairyland was dismissed from the case. Colonial also petitioned this court for leave to

---

[4] Section 632.32, Stats., states in relevant part:

**(6)** PROHIBITED PROVISIONS.

. . . .

(b) No policy may exclude from the coverage afforded or benefits provided:

1. Persons related by blood or marriage to the insured.

[5] Several judgments were subsequently entered following the trial court's initial determination that Colonial must provide coverage for Susan. In a judgment dated May 26, 1992, Threshermen's Mutual Insurance Company's uninsured motorist coverage was dismissed. The Cincinnati Insurance Company's uninsured motorist coverage was dismissed in a separate judgment dated June 2, 1992.

appeal the nonfinal summary judgment declaring it owed coverage to Susan. Because the same issue is presented by Colonial's petition and notice of appeal, we granted Colonial's petition for leave to appeal and consolidated the two appeals. *See* Rule 809.10(3), Stats.

It is undisputed that Colonial's policy on its face only provides coverage for the named operator—in this case Giuliano—for nonowned vehicles. Thus, the sole issue in this case is whether sec. 632.32(6)(b)1, Stats., which prohibits exclusion of coverage for persons related by blood or marriage, applies to named operator policies issued pursuant to the financial responsibility statutes. Colonial argues that when an insurance policy is issued to comply with the financial responsibility statutes, such policy need not comply with the provisions of the omnibus coverage statute, sec. 632.32. We disagree.

■

The interpretation of a statute is a question of law that we review without deference to the trial court. *Schanke v. Wisconsin County Mut. Ins. Corp.*, 177 Wis. 2d 746, 751, 502 N.W.2d 866, 868 (Ct. App. 1993). Likewise, the interpretation of an insurance policy presents a question of law which we review independently. *Backhaus v. Krueger*, 126 Wis. 2d 178, 180, 376 N.W.2d 377, 378 (Ct. App. 1985).

■

When determining the meaning of a statute, our initial inquiry is to the plain meaning of the statute. *Schanke*, 177 Wis. 2d at 751, 502 N.W.2d at 868. If the statute is unambiguous, we may not resort to judicial rules of interpretation and construction is not permitted. *Id.* Rather, we must give the words their obvious and intended meaning. *Id.*

Section 632.32, Stats., "applies to every policy of insurance issued or delivered in this state against the insured's liability for loss or damage resulting from accident caused by any motor vehicle," except as otherwise provided. Section 632.32(1). Section 632.32(6)(b)1 clearly prohibits any policy from excluding coverage to the spouse of the insured. We do not find any language in sec. 632.32 which indicates that sec. 632.32(6)(b)1 does not apply to policies issued pursuant to the financial responsibility statutes. Likewise, we find no language in sec. 344.24, Stats., or anywhere else in the financial responsibility statutes, which would indicate that a policy issued pursuant to the financial responsibility statutes is exempt from the mandatory language of sec. 632.32(6)(b)1.

Accordingly, we conclude that sec. 632.32(6)(b)1, Stats., is unambiguous and clearly applies to all policies issued in Wisconsin except as otherwise provided, including those issued pursuant to the financial responsibility laws. Therefore, Colonial's policy which restricts coverage to the named insured, Giuliano Degano, violates the mandate of sec. 632.32(6)(b)1 by effectively excluding his wife Susan from coverage.

Colonial argues that, like sec. 632.32(3), Stats.,[6] the financial responsibility statutes do not require an insurance carrier to provide coverage to relatives of the

---

[6] Section 632.32(3), Stats., states:

REQUIRED PROVISIONS. Except as provided in sub. (5), every policy subject to this section issued to an owner shall provide that:

(a) Coverage provided to the named insured applies in the same manner and under the same provisions to any person using any motor vehicle described in the policy when the use is for purposes and in the manner described in the policy.

(b) Coverage extends to any person legally responsible for the use of the motor vehicle.

named insured for use of nonowned vehicles; therefore, coverage can be limited to the named insured. Colonial contends that the case law makes it clear that while the insurer must provide the required omnibus coverage for persons related by blood or marriage to the insured, it is free to provide greater coverage than required by the statute; in this instance, coverage for the use of a nonowned vehicle to one individual. *See Klatt v. Zera*, 11 Wis. 2d 415, 425, 105 N.W.2d 776, 781 (1960); *Damp v. Zabel*, 85 Wis. 2d 383, 390, 270 N.W.2d 434, 437 (Ct. App. 1978).

For example, in *Damp*, Robert Damp was injured when Terry Zabel lost control of his brother James' Camaro. Farmers Insurance had issued four separate insurance policies to various members of the Zabel household, each with a $50,000 single-injury limitation. One policy was issued to James Zabel who owned the Camaro, one to Terry Zabel, and two to their father Robert Zabel. Both Terry and James lived in the Robert Zabel household. *Damp*, 85 Wis. 2d at 385, 270 N.W.2d at 435.

Farmers Insurance admitted coverage under James' owner policy, but Damp claimed that the other policies provided coverage. Specifically, Damp argued that the "drive other cars" coverage to autos other than those owned by members of the named insured's household contained in Robert's policy constituted an "exclusion" proscribed by sec. 204.34(2), Stats., the predecessor to sec. 632.32(6)(b)1, Stats. *Damp*, 85 Wis. 2d at 389-90, 270 N.W.2d at 437.

The court concluded that because "drive other cars" coverage was not required by the omnibus statute, "the limitation of such coverage by definition of policy's terms could not subtract anything from coverage previously granted by statute or in the policy." *Id.*

at 390, 270 N.W.2d at 437. Therefore, the court ruled that it was not an exclusion and not invalidated by the predecessor to sec. 632.32(6)(b)1, Stats. *Id.*

Likewise, in *Klatt*, the supreme court construed the "exclusion" of relatives prohibited by sec. 632.32(6)(b)1, Stats., as not applicable to provisions which extend coverage beyond that required by sec. 632.32(3). *Klatt*, 11 Wis. 2d at 425, 105 N.W.2d at 781. In *Klatt*, John Lang was the named insured under a policy issued by Milwaukee Automobile Insurance Company. The policy included a "use of other automobiles" provision which extended coverage for the use of automobiles not listed in the policy to the named insured and his spouse. Lang's son was subsequently involved in an accident while driving a third party's vehicle. *Id.* at 416-17, 105 N.W.2d at 777.

The court held that the predecessor to sec. 632.32(6)(b)1, Stats., did not require the insurer to provide coverage for the insured's son because such coverage was not mandated by the omnibus coverage statute. The court stated:

> We are confident that sec. 204.34(2) [now sec. 632.32(6)(b)1] was not intended by the legislature to prohibit the issuing company from extending greater coverage to one or more members of the family of the named insured than required under sec. 204.30(3) [now sec. 632.32(3)] without extending such coverage to all members of such family. We, therefore, construe sec. 204.34(2) as not applicable to extended coverage provisions of a policy of automobile liability insurance which extend coverage beyond that required by sec. 204.30(3), where the policy contains no express exclusion clause which discriminates against any person

related by blood or marriage to the insured as to such extended coverage.

*Klatt*, 11 Wis. 2d at 425, 105 N.W.2d at 781.

Colonial's reliance on *Klatt* and *Damp* for the proposition that sec. 632.32(6)(b)1, Stats., is not applicable to provisions which extend coverage beyond the omnibus statute is misplaced in this case. As those cases instruct, sec. 632.32(3) does not require that coverage be provided for nonowned vehicles. Therefore, the coverage extended in *Klatt* and *Damp*, for example, constituted *additional* coverage. By contrast, the financial responsibility law requires coverage for the insured, regardless of whether the vehicle is owned or nonowned. *See* sec. 344.33(2), Stats.; *Cardinal v. Leader Nat'l Ins. Co.*, 166 Wis. 2d 375, 385 & n.7, 480 N.W.2d 1, 4 (1992). Therefore, the restriction in Colonial's policy cannot be a "limitation" on additional coverage. Rather, the policy language acts to exclude spouses and blood relatives which is explicitly prohibited by sec. 632.32(6)(b)1.

Both parties also erroneously rely on *Cardinal* as controlling the issue in this case. Colonial argues that the validity of the named operator policies issued pursuant to the financial responsibility statutes was specifically upheld in *Cardinal*. Dairyland argues that the *Cardinal* court in *dicta* suggested that under the factual circumstances of the present case, coverage would be afforded to the spouse under sec. 632.32, Stats. We find neither argument to be persuasive and conclude that *Cardinal* does not specifically address the question presented in this case.

In *Cardinal*, Karen Cardinal was involved in an automobile accident when the car she was driving was struck by a van driven by Julia Post and owned by Paul Wilson. Leader National Insurance Company had

issued a nonowner automobile insurance policy to Wilson pursuant to the financial responsibility statutes. *Cardinal*, 166 Wis. 2d at 380, 480 N.W.2d at 2. The policy is similar to the policy issued by Colonial in the present case, except that it provided coverage for the operator's spouse. *See id.* at 384 n.6, 480 N.W.2d at 4.

The *Cardinal* court held that: (1) Leader's policy did not insure Wilson's vehicles and therefore there was no coverage for Post under the policy's permissive user section, (2) the financial responsibility statutes do not mandate that insurance provided under the statutes insure the vehicles owned by the named insured, and (3) the omnibus statutes which mandate coverage for permissive users of insured vehicles did not create coverage for Post. *Id.* at 379-80, 480 N.W.2d at 2.

Dairyland argues that "it is clear that if Post had been Wilson's spouse, the outcome would have been different." In a footnote the supreme court stated:

> At oral argument, counsel for Leader acknowledged that, *under the terms of the policy*, the policy insured the named insured, Paul Wilson, and "if he had a resident spouse . . . it would have provided coverage for that spouse as well."

*Id.* at 385 n.7, 480 N.W.2d at 4 (emphasis added). Dairyland points to this as a statement from the supreme court that in circumstances such as the present case, sec. 632.32(6)(b)1, Stats., would mandate coverage for Susan Degano.

Although we agree that sec. 636.32(6)(b)1, Stats., applies to policies issued pursuant to the financial responsibility laws, we do not agree that footnote seven in *Cardinal* provides any authority for that proposition. The court's recognition that Wilson's spouse would have been covered is based solely on the policy

811

language which included coverage for the named insured's spouse. Colonial's policy in this case is different because it specifically did not grant coverage to anyone other than Giuliano.

In *Cardinal*, the court discussed the difference between the omnibus and financial responsibility statutes as follows: "whereas coverage under the omnibus statute follows the vehicle,' coverage under the financial responsibility statute follows the driver.' " *Cardinal*, 166 Wis. 2d at 389, 480 N.W.2d at 6 (citation omitted). Colonial correctly notes that sec. 632.32(3), Stats., attaches to "any motor vehicle described in the policy," and therefore does not apply to named operator policies which do not describe any vehicles, such as the policies issued in *Cardinal* and this case.

However, contrary to Colonial's argument, the fact that sec. 632.32(3), Stats., does not apply to nonowners' policies does not mean that other subsections of sec. 632.32 do not apply. Section 632.32(1) states that "[e]xcept as otherwise provided, this section applies to every policy of insurance. . . ." The financial responsibility statutes do not exempt the requirement in subsec. (6)(b)1 that no policy exclude those related by blood or marriage.

In sum, we conclude that *Cardinal* does not control the present case. Although the factual circumstances are similar, *Cardinal* clearly does not contemplate, nor does it decide, the question of whether sec. 632.32(6)(b)1, Stats., applies to insurance policies issued pursuant to the financial responsibility statutes.

Finally, Colonial argues that applying sec. 632.32(6)(b)1, Stats., to policies issued pursuant to the financial responsibility statutes leads to an unreasonable result. Colonial contends that the effect of such an

interpretation is that any resident relative of a house-hold is afforded the same coverage as the named insured under the named operator policy. Since the financial responsibility statutes require that the policy cover the named insured when driving any vehicle, any resident relative of the household would be insured while operating any automobile at any time. This would impose upon insurers risks of a magnitude far exceeding a standard automobile policy and which they never intended to assume in the first place. Counsel at oral argument opined that the direct result would be a dramatic increase in premiums for financial responsibility policies and/or insurance companies no longer willing to offer such policies.

Although Colonial's argument has considerable merit on policy grounds, this court is primarily an error-correcting court, not a policy-making body. *See Schanke*, 177 Wis. 2d at 754, 502 N.W.2d at 869. Both parties spend a great deal of effort exploring the legislative history and intent of the various statutes involved. However, we have already concluded that the statutes are unambiguous on their face, and therefore we may not look to legislative history in an attempt to construe them. *Id.* at 751, 502 N.W.2d at 868. While it may be true that the application of sec. 632.32(6)(b)1, Stats., to financial responsibility policies was unintended or mere oversight, it is not our function to legislate. *See Schanke*, 177 Wis. 2d at 754, 502 N.W.2d at 869.

In sum, we conclude that sec. 632.32(6)(b)1, Stats., and the financial responsibility statutes are unambiguous. Nothing in either of the statutes exempts a named-insured policy issued pursuant to the financial respon-

sibility statutes from the mandates of sec. 632.32(6)(b)1 and the prohibition against the exclusion of relatives from coverage. Therefore, since Colonial's policy acts to exclude Giuliano's spouse, it violates sec. 632.32(6)(b)1 and consequently must provide coverage.[7]

*By the Court.*—Judgments affirmed.

[7] Bindrim filed a protective cross-appeal against the uninsured motorist carriers and the Deganos filed a protective cross-appeal against B & J Insurance in the event that we reverse the trial court's ruling that Colonial's policy provides direct coverage in this case. Because we affirm the trial court's decision in favor of coverage, the cross-appeals are moot and are dismissed.