Thomas D. BINDRIM, Plaintiff,

COLONIAL INSURANCE COMPANY, Defendant-Appellant-Petitioner,

DAIRYLAND INSURANCE COMPANY and Threshermen's Mutual Insurance Company, Defendants-Respondents,

Deborah HOMMELAND and the Cinicinnati Insurance Company, Defendants,

Susan J. DEGANO and Giuliano Degano, Defendants-Third Party Plaintiffs-Respondents,

v.

B. & J. INSURANCE AGENCY, Third Party Defendant.
[Case No. 92–1279.]

525

Thomas D. BINDRIM, Plaintiff-Respondent-Cross Appellant,

v.

COLONIAL INSURANCE COMPANY, Defendant-Appellant-Petitioner,

DAIRYLAND INSURANCE COMPANY and Threshermen's Mutual Insurance Company, Defendants-Respondents,

Deborah HOMMELAND, Defendant,

The CINICINNATI INSURANCE COMPANY, Defendants-Cross Respondent,

Susan J. DEGANO and Giuliano Degano, Defendants-Third Party Plaintiffs-Respondents-Cross Appellants,

v.

B. & J. INSURANCE AGENCY, Third Party Defendant-Cross Respondent. [Case No. 92–1645.]

Supreme Court

*Nos. 92–1279, 92–1645. Oral argument November 8, 1994.—Decided February 24, 1995.*

(Also reported in 527 N.W.2d 320.)

528

For the defendant-appellant-petitioner there were briefs by *Thomas J. Binder* and *Otjen, Van Ert, Stangle, Lieb & Weir, S.C.,* Milwaukee and oral argument by *Thomas J. Binder.*

For the defendant-respondent, Dairyland Insurance Company, there was a brief and oral argument by *John M. Swietlik, Jr.,* counsel for Dairyland Insurance Company, Milwaukee.

For the defendant-respondent, Threshermen's Mutual Insurance Company, there was a brief (in the court of appeals) by *Kristi L. Fry* and *Wagner & Fry,* Fond du Lac and oral argument by *Kristi L. Fry.*

For the defendant-cross respondent, The Cincinnati Insurance Company, there was a brief by *James*

*M. Ryan, Timothy S. Trecek* and *Kasdorf, Lewis & Swietlik, S.C.,* Milwaukee and oral argument by *James M. Ryan.*

For the defendants-third party plaintiffs-respondents-cross appellants, Susan J. Degano & Giuliano Degano, there was a brief by *Thomas B. Hartley* and *Heide, Hartley, Thom, Wilk & Guttormsen,* Kenosha and oral argument by *Thomas B. Hartley.*

DAY, J. This is a review of a decision of the court of appeals that affirmed the decision of the circuit court for Walworth County, Honorable Robert J. Kennedy, Judge.[1] The circuit court granted summary judgment in favor of the plaintiff, Thomas D. Bindrim, and against the defendant, Colonial Insurance Company (Colonial), holding that the policy issued to its insured, Giuliano Degano, also covered his wife, Susan Degano, for her negligent acts that caused injury to the plaintiff. The court of appeals affirmed the trial court's ruling that Colonial's policy provision that excluded Mrs. Degano from coverage was void as against the requirements of sec. 632.32(6)(b)1, Stats.,[2] of the Omnibus Coverage Statute. We affirm the court of appeals.

The court of appeals also affirmed the trial court's dismissal of Dairyland Insurance Company (Dairyland), The Cincinnati Insurance Company (Cincinnati) and Threshermen's Mutual Insurance Company

---

[1] *Bindrim v. Colonial Ins. Co.,* 181 Wis. 2d 799 (Ct. App. 1994).

[2] Section 632.32(6)(b)1, Stats. (1991–92), provides:

**632.32 Provisions of motor vehicle insurance policies. . . .**
**(6)** PROHIBITED PROVISIONS. . . . (b) No policy may exclude from the coverage afforded or benefits provided:
 1. Persons related by blood or marriage to the insured.

(Threshermen's), all uninsured motorist carriers. We affirm the court of appeals on that issue also.

The facts are not in dispute. On August 15, 1988, Susan Degano struck a motorcycle operated by Thomas D. Bindrim while driving an automobile owned by Deborah Hommeland. Mr. Bindrim brought suit for injuries he sustained against Colonial alleging that Susan Degano was covered by an insurance policy issued by Colonial to her husband, Giuliano Degano. In the alternative, he alleged that he was entitled to uninsured motorist benefits under policies issued to him by Dairyland, and Cincinnati, and under a policy issued to his father by Threshermen's.

The policy form used by Colonial to insure Mrs. Degano was a general automobile liability policy which Colonial attempted to modify by endorsements. The endorsements changed several definitions in the original policy form as follows:

> It is agreed that the insurance as is afforded by the policy for **Bodily Injury Liability** and for **Property Damage Liability,** (Part I) applies subject to the following provisions:
>
> (1) **DEFINITIONS** (2) and (3) are deleted and replaced as follows:
>
> As to the insurance for **bodily injury** and property damage liability, the definitions, (2) **you** and **your,** (3) **insured person** or **insured persons** are restricted to the *individual named* on the policy, **you,** while using the **car,** *provided the actual use* of the **car** is with *permission* of the *owner.*
>
> (2) **DEFINITIONS, your insured car,** is *deleted* and replaced as follows: The words, **your insured car,** means a **private passenger car** not *owned* in full or in part by or registered by you . . .."

531

Colonial called the resulting policy "Named Operators Coverage for non-owned vehicles."

Colonial certified to the Secretary of Transportation that their policy fulfilled the requirements of the Financial Responsibility Statutes, sec. 344.24, *et seq.*, Stats.[3] by filing a Form SR22 with the Department of Transportation pursuant to sec. 344.31, Stats.[4] Mr. Degano was required to satisfy those requirements because he had had his license revoked. *Cardinal v. Leader Nat. Ins. Co.,* 166 Wis. 2d 375, 381, 480 N.W.2d 1 (1992).

Both Colonial and Dairyland moved for summary judgment on the issue of coverage. The trial court granted summary judgment against Colonial because it found the Colonial policy to be in violation of sec. 632.32(6)(b)1, *supra* n.1. On May 11, 1992, the circuit court entered a judgment declaring that Colonial owed coverage to Susan Degano and dismissing Bindrim's claims against Dairyland. The court of appeals affirmed the circuit court's decision. Colonial peti-

---

[3] Section 344.24, Stats. (1991–92), provides in part:

**344.24 Applicability of sections relating to proof of financial responsibility for the future.** Sections 344.29 to 344.41 are applicable in all cases in which a person is required to deposit proof of financial responsibility for the future, including . . . those cases in which the deposit of proof of financial responsibility for the future is a condition precedent to renewal or reinstatement of an operating privilege or registration suspended or revoked . . ..

[4] Section 344.31, Stats. (1991–92), provides in part:

**344.31 Certification of insurance as proof.** Proof of financial responsibility for the future may be furnished by filing with the secretary the written certification of any insurer duly authorized to do business in this state that there is in effect a motor vehicle liability policy for the benefit of the person required to furnish proof of financial responsibility or by transmitting such certification to the secretary by another means approved by the secretary. . . .

tioned this Court for review of that decision which was granted.

The policy as issued had two fatal flaws.

First, it purported to limit the coverage given to situations where Mr. Degano was driving an automobile not owned in whole or in part by him. This was directly contrary to the provisions of the Wisconsin Financial Responsibility Statutes which require that such a policy "shall insure the person named therein using any motor vehicle." Section 344.33(2), Stats.[5] Colonial admitted the policy's deficiency in this respect in their petition for review to this Court, and it is no longer an issue:

> As in *Cardinal*, the terms of the Colonial policy, when read in conjunction with the Financial Responsibility Statute, provide coverage for Giuliano Degano while operating any vehicle, regardless of whether he owns the vehicle.

Petition for Review, p.9–10.

The second fatal flaw in the policy Colonial issued is its purported restriction of coverage to only Mr. Degano, attempted via an endorsement which read, "(2) **you** and **your**, (3) **insured person** or **insured persons** are *restricted* to the *individual* named on the policy, **you,** while using the **car** . . .." This provision is directly contrary to the requirement of sec. 632.32(6)(b)1, Stats., which requires coverage of "persons related by blood or marriage to the insured." This includes Mr. Degano's wife, Susan J. Degano as found

---

[5] Section 344.33(2), Stats. (1991–92), provides in part:

**344.33 Motor vehicle liability policy defined. . . . (2)** MOTOR VEHICLE LIABILITY POLICY. A motor vehicle policy of liability insurance shall insure the person named therein using any motor vehicle with the express or implied permission of the owner . . ..

by the trial court and affirmed by the court of appeals, and we agree.

The question presented is whether policies issued to drivers who are required to comply with the Financial Responsibility Statutes, sec. 344.24, *et seq.*, Stats., must follow the mandates of the Omnibus Coverage Statute, sec. 632.32, Stats. Because we find the plain language of sec. 632.32(6)(b)1, requires *all* policies to comply with its terms, we affirm the decision of the court of appeals.

Interpretations of insurance policies and statutes are questions of law. *Backhaus v. Krueger,* 126 Wis. 2d 178, 376 N.W.2d 377 (Ct. App. 1985). We review questions of law without deference to the decisions of the trial court and court of appeals. *Ball v. District No. 4, Area Board,* 117 Wis. 2d 529, 537, 345 N.W.2d 389 (1984).

In interpreting a statute the question is: do the words of the statute have a plain and unambiguous meaning; if they do we may not resort to judicial rules of interpretation, and construction is not permitted. *Schanke v. Wisconsin County Mut. Ins. Corp.,* 177 Wis. 2d 746, 751, 502 N.W.2d 866 (Ct. App. 1993). Instead, the words of the statute must be given their "obvious and intended meaning." *Id.*

The terms of the Omnibus Coverage Statute are clear. "No policy" may exclude a person related by blood or marriage to the insured. Section 632.32(6)(b)1, Stats. No policy means no policy. It does not mean "no policy except named operators coverage for non-owned vehicles policies." Nor does it mean "no policy except policies that comply with the Financial Responsibility

Statutes." Thus, under the statute, the Colonial policy insured Mrs. Degano.

Colonial does not agree that the statute covers their policy and argues that sec. 632.32(6)(b)1, Stats., does not apply because sec. 632.32(3)(a),[6] pertains only to policies that cover vehicles. In contrast, they argue this policy complies with the Financial Responsibility Statutes which "mandate that persons, not their vehicles, are insured . . .." *Cardinal,* 166 Wis. 2d at 385. However, the plain language of Chapter 632.32, states that it applies to *all* policies unless "otherwise provided." Section 632.32(1), Stats.[7] Thus, while sec. 632.32(3)(a), may "otherwise provide" that it applies only to policies that cover vehicles, no such limitation is found in sec. 632.32(6)(b)1. Similarly, the language of the Financial Responsibility Statutes, sec. 344.24, Stats., *et seq.,* does not provide an exemption from the Omnibus Statute. As such, sec. 632.32(6)(b)1, mandates coverage for the spouse of the insured.

---

[6] Section 632.32(3)(a), Stats. (1991–92), provides:

**632.32 Provisions of motor vehicle insurance policies. . . .**
(3) REQUIRED PROVISIONS. Except as provided in sub. (5), every policy subject to this section issued to an owner shall provide that:
 (a) Coverage provided to the named insured applies in the same manner and under the same provisions to any person using any motor vehicle described in the policy when the use is for purposes and in the manner described in the policy.

[7] Section 632.32(1), Stats. (1991–92), provides in part:

**632.32 Provisions of motor vehicle insurance policies.**
(1) SCOPE. Except as otherwise provided, this section applies to every policy of insurance issued or delivered in this state against the insured's liability for loss or damage resulting from accident caused by any motor vehicle . . ..

Colonial next argues the exclusion of Susan Degano from coverage is permissible because it is incidental to writing a policy the purpose of which is to meet the requirements of the Financial Responsibility Statutes. If this were the case, the Colonial policy could qualify for an exception to the Omnibus Coverage provisions. Section 632.32(5)(e), Stats. (1991–92), provides in part:

> **632.32 Provisions of motor vehicle insurance policies. . . . (5)** PERMISSIBLE PROVISIONS. . . . (e) A policy may provide for exclusions not prohibited by sub. (6) or other applicable law. Such exclusions are effective even if incidentally to their main purpose they exclude persons, uses, or coverages that could not be directly excluded under sub. (6) (b).

However, there is no particular policy form required to meet the mandates of the Financial Responsibility Statutes. The statutes only state that the policy "shall insure the person named therein using any motor vehicle," and that the insurer must "certify coverage for any motor vehicle operated by the named insured." Sections 344.33(2), 344.31, Stats., *supra* n.3, 4. These Sections require an individual driver to obtain motor vehicle liability insurance. They do not, however, specify the type of insurance that an individual must obtain. They do not specify a "named operator policy," a "non-owners policy" or a "standard liability policy." The statutes are silent as to what type of policy an individual must obtain. They simply require that a subject individual must have automobile liability coverage while operating a motor vehicle on the roadways of Wisconsin.

536

Since the statutes do not provide for a particular type of coverage, it cannot be argued that the exclusion of Susan Degano was "incidental" to meeting the requirements of the Financial Responsibility Statutes. Instead, the provision that acts to exclude her is the type of direct exclusion that is not allowed by sec. 632.32(5)(e), Stats. This becomes even more clear when one surveys the cases in which Wisconsin courts have held that an exclusion that acted to exclude a person related by blood or marriage to the insured was incidental. For example, in *State Farm Mut. Ins. Co. v. Kelly,* 132 Wis. 2d 187, 194–95, 389 N.W.2d 838 (Ct. App. 1986), the court of appeals held that an exclusion that stated that the policy only provided coverage for liability created when the driver was driving with permission of the insured did not violate omnibus coverage statute even though its effect was to deny coverage to the step-son of the insured who had stolen the car keys and drove without permission. Similarly, in *Damp v. Zabel,* 85 Wis. 2d 383, 270 N.W.2d 434 (Ct. App. 1978), the court of appeals examined an automobile insurance policy that listed several vehicles as vehicles covered by the policy and also contained a "drive other cars" provision that excluded coverage for vehicles owned by members of the same household. *Id.* at 389. The court of appeals held that the policy did not violate the Omnibus Statute, even though this resulted in denying coverage for a relative of the insured. *Id.* at 390. Finally, in *Quevillon v. State Farm Fire & Casualty Company,* 177 Wis. 2d 160, 501 N.W.2d 855 (Ct. App. 1993), the court of appeals noted that a policy provision that excluded liability, medical payment and physical damage coverage for accidents in Mexico if they occurred more than fifty miles from the United States

border was permissible under sec. 632.32(5)(e), even though the result was to deny coverage to the son of the insured. *Id.* at 163 n.1, 164.

Colonial argues that *Klatt v. Zera,* 11 Wis. 2d 415, 425, 105 N.W.2d 776 (1960), allows an insurance company to write a non-owners policy that only covers the named insured. *Klatt* is distinguishable. There this Court held that an insurer may issue a policy that provides greater coverage for the insured than for other persons where the policy contains no express exclusion clause which discriminates against any person related by blood or marriage to the insured as to such extended coverage. *Id.* at 425. Here, the record does not show that Guiliano Degano had any insurance policy other than the Colonial policy. Further, the endorsement Colonial drafted for Giuliano Degano's policy contained a clause that excluded Susan Degano from all coverage. Since Susan Degano would have had no insurance coverage under Colonial's interpretation, Colonial cannot rely on the rule in *Klatt* that a policy may provide "extended coverage" for only the named insured.

Colonial also argues its contention based on judicial interpretations of the legislative intent behind the Omnibus Statute. However, at no point does Colonial point to an ambiguity in the terms of the statutes, nor does the Court find such an ambiguity. As previously stated, where a statute is unambiguous, we may not resort to judicial rules of interpretation, and construction is not permitted. *Schanke,* 177 Wis. 2d at 751; *Schmidt v. Wisconsin Employe Trust Funds Board,* 153 Wis. 2d 35, 41, 449 N.W.2d 268 (1990); *State Historical Society v. Maple Bluff,* 112 Wis. 2d 246, 252–53, 332 N.W.2d 792 (1983).

Colonial's final argument is that the decision of the court of appeals leads to an "absurd and unreasonable

538

result" and so must be reversed. *Cardinal,* 166 Wis. 2d at 390. Colonial argues that the result is analogous to that which this Court rejected in *Cardinal.*

In *Cardinal,* a non-relative of a named insured who had a "non-owners" policy that complied with the terms of the Financial Responsibility Statutes was involved in an accident while driving a car owned by the named insured. The application form used in that case had lines drawn through the spaces provided for describing cars covered by the policy, and the declarations page which provided spaces for the description of specific vehicles covered by the policy was blank. *Id.* at 382. Because the policy did not cover any specific vehicles, and sec. 632.32(3), Stats., mandates permissive user coverage only for "any motor vehicle described in the policy," this Court declined to extend the requirements of sec. 632.32(3), to the "non-owners" policy. *Cardinal,* 166 Wis. 2d at 393. In so holding, this Court stated that "it would be unreasonable to believe that the legislature intends insurance to operate like a contagious disease, attaching itself to any vehicle operated by a driver who has non-owners insurance." *Id.* at 390.

However, to the extent that the *Cardinal* case is relevant, it refutes Colonial's argument. Colonial argues it would be unreasonable for an insurance company that issues insurance that complies with the Financial Responsibility Statutes to have to cover the spouse of the insured. Yet the insurance company in *Cardinal* did not find it unreasonable. The policy that was at issue in that case, which was certified as complying with the Financial Responsibility Statutes, covered "you and your spouse." *Id.* at 384 n.6.

Further, the underlying policy of the Financial Responsibility Statutes is to provide protection for

innocent third parties. Given this underlying policy, it is not unreasonable to simply state that a policy that provides only "non-owners" coverage must, like a policy that insures a vehicle, provide coverage to all members of a household related by blood or marriage to the named insured.

In conclusion, we hold that the plain and unambiguous language of sec. 632.32, Stats., the Omnibus Coverage Statute, requires an insurer to provide the same coverage for the spouse of the insured as it provides for the insured regardless of the compliance of the insurance policy with the Financial Responsibility Statutes, except as allowed by sec. 632.32(5)(e). Since the exclusion in this case does not comply with that section, the decision of the court of appeals is affirmed.

*By the Court.*—The decision of the court of appeals is affirmed.