Brown, J.
 

 The policy provisions on which appellant relies to defeat coverage to Alex Jonet are:
 

 “I. Coverage A — Bodily Injury Liability: To pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of bodily injury, sickness or disease, including death at any time resulting therefrom, sustained by any person, caused by accident and arising out of the ownership, maintenance, or use of the automobile. . . .
 

 “HI. Definition of Insured: With respect to the insurance for bodily injury liability and for property-damage liability the unqualified word ‘insured’ includes the named insured and also includes any person while using the automobile and any person or organization legally responsible for the use thereof, provided the actual use of the automobile is by the named insured or with his permission. The insurance with respect to any person or organization other than the named insured does not apply: (a) To any person or organization, or to any agent or employee thereof, operating an automobile repair shop, public garage, sales agency, service station, or public parking place, with respect to any accident arising out of the operation thereof.
 

 “IV. Automobile Defined, Trailers, Two or More Automobiles: (a) Automobile. Except where stated to the contrary, the word ‘automobile’ means: (1) Described Automobile — the motor vehicle or trailer described in this policy; (2) Utility Trailer — under coverages A, B, and C, a trailer not so described, if designed for use with a private passenger automobile, if not being used with another type automobile
 
 *470
 
 and if not a home, office, store, display, or passenger trailer; (3) Temporary Substitute Automobile — under coverages A, B, and C, an automobile not owned by the named insured while temporarily used as the substitute for the described automobile while withdrawn from normal use because of its breakdown, repair, servicing, loss, or destruction; (4) Newly Acquired Automobiles— . . .
 

 “V. Use of Other Automobiles: If the named insured is an individual who owns the automobile classified as ‘pleasure and business’ or husband and wife either or both of whom own said automobile, such insurance as is afforded by this policy for bodily injury liability, for property-damage liability and for medical payments with respect to said automobile applies with respect to any other automobile, subject to the following provisions: (a) With respect to the insurance for bodily injury liability and for property-damage liability the unqualified word ‘insured’ includes (1) such named insured, (2) the spouse of such individual if a resident of the same household, and (3) any other person or organization legally responsible for the use by such named insured or spouse of an automobile not owned or hired by such other person or organization. Insuring Agreement III, Definition of Insured, does not apply to this insurance. . . .”
 

 Insuring Agreements set out in I, Coverage A, and V, have the same policy provisions as had the policy litigated in
 
 Klatt v. Zera,
 
 ante, p. 415, 105 N. W. (2d) 776. We held there that the policy gave coverage to the named assured and in so^far as I, Coverage A, and V are concerned the present policy is governed by the
 
 Klatt
 
 decision. For analysis of that part of the present policy we refer the reader to the opinion in the
 
 Klatt Case.
 

 Obviously paragraph IV is not pertinent to the facts of the case with which we are now concerned. The automobile driven by Bernard Jonet was not the described Chevrolet automobile nor was it used as a substitute for the described automobile.
 

 There remains for consideration the effect of paragraph III, Definition of Insured.
 

 
 *471
 
 Paragraph V states plainly that III does not apply to V, the Use of Other Automobiles. What paragraph III does do is to create additional insured parties, subject to specified limitations. This provision is inserted in the policy as a compliance with sec. 204.30 (3), Stats., — the “omnibus coverage” law. It has no application to the coverage of one who is already the named assured. It adds or subtracts nothing to or from his coverage.
 

 No party contends here that the son, Bernard, is covered by the Home Mutual’s policy as an additional assured. The appellant’s argument is confined to the question of coverage for the father. What possible application of paragraph III may have to the facts of this case is not within the issue brought here by appellant.
 

 We conclude that this appeal is controlled by
 
 Klatt v. Zera, supra.
 
 The present policy affords coverage to Alex Jonet on these facts. The order of the trial court was correct in denying Home Mutual Insurance Company’s motion for summary judgment.
 

 By the Court.
 
 — Order affirmed.