Currie, J.
 

 There are two issues before us on the appeal and cross appeal. One is whether the policy issued by Milwaukee Auto affords coverage to the defendant John Lang, father of the minor operator of one of the two vehicles involved in the accident. The other is whether this policy affords coverage to the defendant Jerome Lang, who was such minor operator.
 

 The facts establish that the vehicle operated by Jerome Lang was not the Chevrolet described in such policy, and it was not being driven with the consent or permission of John Lang. The policy of Milwaukee Auto issued to John Lang described a Chevrolet automobile which was not involved in the accident. However, the policy did contain a
 
 Use of Other Automobiles
 
 insuring clause, and it was because of such clause that the trial court held that there was coverage with respect to John Lang. The following are the policy provisions that are material to disposition of the contentions raised by the various parties with respect to the issue of coverage as to John Lang:
 

 Insuring Agreements, Paragraph I provides in part as follows:
 

 "Coverage A■
 
 — ■Bodily
 
 Injury Liability.
 
 To pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of bodily injury, sickness or disease, including death at any time resulting therefrom, sustained by any person, caused by accident and arising out of the ownership, maintenance, or use of the automobile.”
 

 Insuring Agreements, Paragraph V provides in part as follows:
 

 “Use of Other Automobiles.
 
 If the named insured is an individual or husband and wife and if during the policy period such named insured, or the spouse of such individual
 
 *419
 
 if a resident of the same household, owns a private passenger automobile covered by this policy, such insurance as is afforded by this policy under coverages A, B, division 1 of coverage K, G, and I with respect to said automobile applies with respect to any other automobile, subject to the following provisions:
 

 “(a) With respect to the insurance for bodily injury liability and for property damage liability the unqualified word ‘insured’ includes (1) such named insured and spouse, . . . Insuring agreement III [the omnibus coverage clause entitled ‘Definition of Insured’] does not apply to this insurance.”
 

 Exclusion (b) provides:
 

 “This policy does not apply: Under coverages A and B, to liability assumed by the insured under any contract or agreement.”
 

 The significant fact to note with respect to the wording of
 
 Insuring Agreement A
 
 is that the policy extends coverage to John Lang, who is the named insured, for all sums he “shall become legally obligated to pay as damages because of bodily injury, . . . caused by accident and arising out of the . . . use of the [insured] automobile,” irrespective of who may be operating such automobile. It is the contention of counsel for Milwaukee Auto that we must read into such provision a requirement that such use must be by the insured. The importance of such contention becomes' apparent when we attempt to interpret the
 
 Use of Other Automobiles
 
 clause. This is because such clause, under the facts of the instant case, unqualifiedly provides that the insurance afforded John Lang by
 
 Insuring Agreement A
 
 applies with respect to any other automobile. This is because he did own a private automobile insured by the policy. Therefore, if the use of the insured vehicle does not have to be by John Lang under
 
 Insuring Agreement A
 
 neither does the use under the
 
 Use of Other Automobiles
 
 clause.
 

 
 *420
 
 We deem the decision in the case of
 
 Fazzino v. Insurance Co. of North America
 
 (1957), 152 Cal. App. (2d) 304, 313 Pac. (2d) 178, to be directly in point on the issue of whether the use of the other automobile must be by the named insured, or his spouse, in order that there be coverage under the
 
 Use of Other Automobiles
 
 clause of the policy. The plaintiffs husband and wife in that case were the insured under a policy issued by the defendant which contained the same
 
 Insuring Agreement A
 
 and
 
 Use of Other Automobiles
 
 provisions as did the Milwaukee Auto policy. The automobile described in the policy was a De Soto. The plaintiffs signed their minor son’s application for driver’s license pursuant to a statute similar in import to sec. 343.15, Wis. Stats. 1957.
 
 [1]
 
 While such minor son was driving a Chevrolet automobile owned by one Smith he struck and injured a pedestrian. The injured pedestrian brought suit for damages against the plaintiffs, and the plaintiffs in turn instituted an action against the defendant insurance company to have the defendant’s liability under the policy adjudicated. The court determined that there was coverage extended under the policy to the plaintiffs for any liability they might sustain in the action commenced by the injured pedestrian. The gist of the court’s reasoning appears from the following paragraph of the opinion (152 Cal. App. (2d) 308, 313 Pac. (2d) 180):
 

 “A study of paragraph V forces the conclusion that the coverage thereby provided is for bodily injury and property damage liability of the named insured in connection with automobiles other than the named automobile regardless of whether such automobile is used by the named insured. There is nothing in the policy to limit the coverage to the insured’s use of other automobiles. It covers the named insured’s liability arising from the use of other automobiles
 
 *421
 
 no matter who causes that liability, the named insured or some other person. Paragraph I of the policy extends coverage to the named insured for liability arising from the ‘ownership, maintenance, or use of the automobile’ (the De Soto). Paragraph Y extends to the ‘named insured’ with respect to ‘any other automobile’ ‘such insurance as is afforded by this policy’ to ‘said automobile’ (the De Soto). Thereby
 
 any
 
 liability for bodily injury or property damage from the ownership, maintenance, or use of the other automobile is covered. As the coverage for liability from the use of the De Soto is not dependent upon personal use by the named insured, so coverage for liability from the use of other automobiles is not dependent upon personal use of such other automobile by the named insured.”
 

 The logic employed by the California court in arriving at the conclusion reached commends itself to this court, and such conclusion seems inescapable.
 

 We are aware that a different California district court of appeal in the case of
 
 Osborne v. Security Ins. Co.
 
 (1957), 155 Cal. App. (2d) 201, 318 Pac. (2d) 94, decided a few months after the
 
 Fazzino Case
 
 reached the opposite conclusion. However, nowhere in the
 
 Osborne Case
 
 opinion is there any mention of the
 
 Fazzino Case.
 
 In the
 
 Osborne Case
 
 the facts are very similar to those in the instant appeal. However, the court there was required to determine coverage under the policy insuring the car driven by the minor, as well as the policy issued to the father of the minor, which insured a Ford automobile not involved in the accident that gave rise to the causes of action for damages. As to the first-mentioned policy the issue was whether the minor was driving with the consent or permission of the named insured and most of the opinion is devoted to deciding such issue. When it came to deciding the coverage issue under the policy issued to Osborne, father of the minor driver, the court determined there was no coverage. The rationale of
 
 *422
 
 such holding appears from the following statement appearing in the opinion (155 Cal. App. (2d) 212, 318 Pac. (2d) 102) :
 

 “Careful scrutiny of the quoted portions of the policy discloses that the insurer studiously refrained from protecting any driver of an automobile other than the named Ford except Harold G. Osborne and his spouse, or to protect them or either of them against liability for driving such ‘other automobile’ by any other person.”
 

 The policy provisions referred to in the above quotation are practically identical to those of the Milwaukee Auto policy. With all due deference to the court which decided the
 
 Osborne Case,
 
 our careful scrutiny of the provisions of the Milwaukee Auto policy does not disclose any wording whereby the insurance company studiously refrained from protecting any driver, except the named insured and his spouse, of an automobile other than the vehicle described in the policy. Certainly the
 
 Use of Other Automobiles
 
 clause contains no such restriction as to who must be the operator before coverage attaches, nor is such restriction to be found expressly stated in the
 
 Insuring Agreement A
 
 clause. The omnibus coverage clause,
 
 Insuring Agreement III,
 
 speaks of use by the named insured, or with his permission, but the policy expressly states that
 
 Insuring Agreement III
 
 does not apply to the coverage afforded under the
 
 Use of Other Automobiles
 
 clause. On this point see
 
 Mancheski v. Derwae,
 
 post, p. 467, 105 N. W. (2d) 773.
 

 Any negligence of Jerome Lang in the operation of the automobile which collided with the one occupied by the plaintiff is imputed to the father John Lang because the latter signed as sponsor Jerome’s application for a driver’s license. The
 
 Insuring Agreement A
 
 and
 
 Use of Other Automobiles
 
 clauses of the policy issued by Milwaukee Auto to John Lang are construed to provide coverage under the policy to John Lang for any liability to the plaintiff for her
 
 *423
 
 injuries sustained in such collision caused by Jerome’s negligence unless
 
 Exclusion (b)
 
 of the policy is to be construed as expressly excluding such coverage.
 

 Exclusion (b) of the Policy.
 

 Counsel for Milwaukee Auto contends that under
 
 Exclusion (b)
 
 of the policy there is no coverage extended to John Lang with respect to any liability of his to the plaintiff arising from such collision because such liability is one assumed under a contract. This same argument was advanced and rejected by this court in
 
 Behringer v. State Farm Mut. Automobile Ins. Co.
 
 (1957), 275 Wis. 586, 594, 82 N. W. (2d) 915, wherein we declared:
 

 “Universal Underwriters contends that in the instant case it does have a valid defense based upon an exclusion clause in the policy. Such clause provided that the policy does not apply ‘to liability assumed by the insured under any contract or agreement except a warranty of goods or products.’ Because of this, it is argued that any liability of Heniy Leffel as an additional insured is based upon his voluntary assumption of liability for Arden’s acts by signing Arden’s application for an instruction permit.
 

 “It would seem that such liability of Henry Leffel for the acts of operation of his son, Arden, is one imposed by statute rather than the result of a contract or agreement.
 
 Lackey v. Olds & Stoller Inter-Exchange
 
 (1927), 80 Cal. App. 687, 252 Pac. 672, and
 
 Marple v. American Automobile Ins. Co.
 
 (1927), 82 Cal. App. 137, 255 Pac. 260.”
 

 The case of
 
 Buckeye Union Casualty Co. v. Bell
 
 (7th Cir. 1957), 249 Fed. (2d) 211, has been cited in the brief in behalf of Milwaukee Auto as reaching the opposite result. There is nothing in the opinion in that case which convinces us that our holding in the
 
 Behringer Case
 
 is wrong. The
 
 Buckeye Case
 
 is distinguishable on the basis of the difference between wording of sec. 47-2706, Burns, Indiana Stats. 1952, and sec. 343.15, Wis. Stats. 1957. Such Indiana
 
 *424
 
 statute provides that a parent, who signs the application of a minor child under the age of eighteen for a driver’s license,
 
 “agrees
 
 to be responsible, jointly and severally” with such minor for any injury or damage which the latter may cause by reason of the operation of a motor vehicle. On the other hand, the liability imposed by sec. 343.15, Wis. Stats. 1957, is couched in terms of imputing the negligence of the minor operator to the sponsoring parent, and contains no provision to the effect that the latter agrees to assume any liability for the acts of the former.
 

 We adhere to our holding in the
 
 Behringer Case
 
 that' an exclusion clause, which is worded as is
 
 Exclusion (b)
 
 of the instant policy, does not exclude coverage with respect to a liability imposed by statute upon the named insured as a result of his signing of the application of his minor child for a driver’s license.
 

 Coverage With Respect to Jerome Lang.
 

 Upon the cross appeal, the defendant Zera and his insurance carrier contend that the trial court was in error in determining that the Milwaukee Auto policy does not afford coverage to Jerome Lang, minor son of John Lang. It is conceded that neither
 
 Insuring Agreement A
 
 nor the
 
 Use of Other Automobiles
 
 clause of the policy as presently worded extends coverage to Jerome when he is operating a vehicle other than the automobile described in the policy. Therefore, in order to sustain the contention that coverage has been extended in the instant fact situation to Jerome, the argument is advanced that because Jerome is a member of the family of John Lang, sec. 204.34 (2), Wis. Stats., requires that he be given the same coverage as is provided for his mother, the spouse of the named insured. Such statute provides:
 

 “No policy of [automobile liability] insurance, agreement of indemnity or bond referred to in subsection (1) shall exclude from the coverage afforded or the provisions as to
 
 *425
 
 the benefits therein provided persons related by blood or marriage to the assured.”
 

 Sec. 204.30 (3), Stats., is the so-called omnibus coverage statute. When sec. 204.34 (2) is read in connection with sec. 204.30 (3) it is apparent that the purpose of the former is to prohibit exclusion clauses that would withdraw any coverage or protection required to be given under sec. 204.30 (3) to any member of the family of the named insured. We are confident that sec. 204.34 (2) was not intended by the legislature to prohibit the issuing company from extending greater coverage to one or more members of the family of the named insured than required under sec. 204.30 (3) without extending such coverage to all members of such family. We, therefore, construe sec. 204.34 (2) as not applicable to extended coverage provisions of a policy of automobile liability insurance which extend coverage beyond that required by sec. 204.30 (3), where the policy contains no express exclusion clause which discriminates against any person related by blood or marriage to the insured as to such extended coverage.
 

 Coverage is not denied to Jerome under the facts of the instant case because of any exclusion clause, but only because the extended coverage provided under the
 
 Use of Other Automobiles
 
 clause fails to grant such coverage to him.
 

 By the Court.
 
 — Judgment affirmed. The respondents Zera and Federal Insurance Company are not entitled to tax printing costs for the four pages of their brief devoted to the issue raised by their cross appeal.
 

 Hallows, J., took no part.
 

 [1]
 

 This statute was formerly sec. 85.08, Stats.