ROSAR, Appellant, v. GENERAL INSURANCE COMPANY OF AMERICA and another, Respondents.*

*No. 63. Argued November 26, 1968.—Decided December 20, 1968.*
(Also reported in 163 N. W. 2d 129.)

* Motion for rehearing denied, with costs, on March 4, 1969.

For the appellant there was a brief and oral argument by *Edward Rudolph* of Milwaukee.

For the respondents there was a brief by *Arnold, Murray & O'Neill* of Milwaukee, and oral argument by *James P. O'Neill.*

BEILFUSS, J. The issue is whether the insurer, under one family automobile policy issued to the insured covering and describing two separate automobiles at two separate and different rates, is liable for double the stated liability limits where the claimant is injured in a collision involving just one of the described vehicles by virtue of the negligence imputed to the father-owner under the sponsor's liability statute.

The sponsor's liability statute, in part, is as follows:

"343.15 **Application of minors; liability of sponsors; release from liability.** (1) The application of any person under 18 years of age for a license shall be signed and verified before a person duly authorized to administer oaths, by the applicant's father, if he has custody of the applicant; or if the father does not have custody, then by the mother if she has custody; or if neither parent has custody, then by the person or guardian having such custody or by the applicant's employer, subject to the exception stated in sub. (4). If the adult sponsor is the applicant's parent, the application may be signed and verified before a traffic officer or before a duly authorized agent of the department in lieu of being signed and verified before a person duly authorized to administer oaths.

"(2) Any negligence or wilful misconduct of a person under the age of 18 years when operating a motor vehicle upon the highways is imputed to the person who signed the application for such person's license. The person who so signed is jointly and severally liable with such operator for any damages caused by such negligent or wilful misconduct."

The insurer does not deny that its named insured, the father-sponsor, is vicariously liable for damages resulting from negligent operation of the motor vehicle by his seventeen-year-old son. The insurer also concedes it is liable to the extent of its stated policy limits—in this in-

stance $10,000. These admissions are consistent with the holdings of this court in *Klatt v. Zera* (1960), 11 Wis. 2d 415, 105 N. W. 2d 776; *Mancheski v. Derwae* (1960), 11 Wis. 2d 467, 105 N. W. 2d 773; *Asleson v. Hardware Dealers Mut. Fire Ins. Co.* (1960), 11 Wis. 2d 624, 106 N. W. 2d 330.

The insurer contends that there is nothing in the sponsorship statute which in any way changes its liability to its assured.

The plaintiff-claimant concedes that if the father was not vicariously liable her claim against the insured would be limited to the coverage extended to the minor son and that the limits of that liability would be $10,000. However, the plaintiff asserts that because the father is vicariously liable for the son's negligent act protection afforded to the father is the $10,000 limit on both cars. She argues that under the terms of the policy both cars were insured, both were specifically described and two separate and different premiums were charged and paid, and the father had full coverage on both cars so that his protection was cumulative or double the amount of the stated limits of liability.

The insurer relies on the following terms and conditions as a defense to the plaintiff's claim:

"Liability section"

". . .

"**Limits of Liability.** The limit of bodily injury liability stated in the declarations as applicable to 'each person' is the limit of the company's liability for all damages, including . . . arising out of bodily injury sustained by one person as the result of any one occurrence; the limit of such liability stated in the declarations as applicable to 'each occurrence' is, subject to the above provision respecting each person, the total limit of the company's liability for all such damages arising out of bodily injury sustained by two or more persons as the result of any one occurrence.

". . .

"Conditions"

"...

"4. **Two or more Automobiles—Coverages A, B, C, D, E, and F:** When two or more automobiles are insured hereunder, the terms of this policy shall apply separately to each, but an automobile and a trailer attached thereto shall be held to be one automobile as respects limits of liability under coverages A and B of this policy, and separate automobiles under coverages D, E, and F of this policy, including any deductible provisions applicable thereto."

The plaintiff argues that Condition 4 creates an ambiguity by the use of the language that "the terms of this policy shall apply separately to each" and that if an ambiguity exists the policy must be construed so as to afford the greatest protection to the assured.

These contentions were met by the Supreme Court of Washington, in a strongly similar situation, in *Pacific Indemnity Co. v. Thompson* (1960), 56 Wash. 2d 715, 716, 355 Pac. 2d 12:

"Her husband was killed in a collision with a car driven by the son of the insured William Thompson, which car was one of three covered by respondent's insurance policy.

"Because the policy limits on each of the three cars owned by the Thompsons is ten thousand dollars, appellant contends that the maximum coverage is, therefore, three times that sum. The argument, based on condition No. 4 of the policy (which provides that all of the policy's terms shall apply separately to each described automobile), is that contributing coverage is thereby afforded. However, that provision merely assures the applicability of the policy to whichever car is involved in an accident, or to all the cars, and does no more.

"The contract limits the company's liability for bodily injury or death of one person arising out of one occurrence to a maximum of ten thousand dollars, with no contribution from one coverage to another. The language is:

"'The limit of bodily injury liability stated in the declarations as applicable to "each person" is the limit of the company's liability for all damages, including dam-

ages for care and loss of services, arising out of bodily injury sustained by one person as the result of any one occurrence; the limit of such liability stated in the declarations as applicable to "each occurrence" is, subject to the above provision respecting each person, the total limit of the company's liability for all such damages arising out of bodily injury sustained by two or more persons as the result of any one occurrence.' "

We agree with *Pacific Indemnity Co., supra.*[1] We do not find an ambiguity in the condition that "[w]hen two or more automobiles are insured hereunder, the terms of this policy shall apply separately to each." There was one injured claimant, one owned and described vehicle involved, and one occurrence. The liability insurance purchased by the assured under these circumstances was limited to $10,000.

In support of her position, plaintiff cites *Kansas City Fire & Marine Ins. Co. v. Epperson* (1962), 234 Ark. 1100, 356 S. W. 2d 613; *Government Employees Ins. Co. v. Sweet* (Fla. 1966), 186 So. 2d 95; and *Central Survey & Ins. Corp. v. Elder* (1963), 204 Va. 192, 129 S. E. 2d 651. In these cases medical payments under the medical expenses section were allowed under a policy insuring two or more automobiles in excess of the amount specified.

The medical payment cases can be distinguished because of the broad protection afforded the named insured and each relative from bodily injury caused by an accident "through being struck by an automobile."

"The medical payments coverage applies to all medical expenses of the named insured while occupying or through being struck by an automobile, except an automobile owned by or furnished for the regular use of the named insured which is not described in the policy. This is the feature which makes medical payments insurance coverage an entirely different type of insurance than public liability or property damage insurance where

---

[1] *See also Greer v. Associated Indemnity Corp.* (5th Cir. 1967), 371 Fed. 2d 29.

coverage is attributed to the vehicle causing the damage. Medical payment provisions are closely akin to a personal accident policy; recovery is completely independent of liability on the part of the insured." *Government Employees Insurance Co. v. Sweet, supra,* pages 96, 97. *See also Greer v. Associated Indemnity Corp., supra,* page 34; *Green v. Aetna Ins. Co.* (5th Cir. 1965), 349 Fed. 2d 919, 922.

Because the claimant has stipulated she would not seek additional damages from the father, Aloysius Luther, individually, and because General Insurance Company has paid the $10,000 limit of its liability, there are no additional issues to be resolved and summary judgment was properly ordered.

*By the Court.*—Judgment affirmed.