HERITAGE MUTUAL INSURANCE COMPANY, Plaintiff-
Appellant,

v.

Douglas WILBER and Charles W. Thiel, Interested
Parties-Respondents,

SECURA MUTUAL INSURANCE COMPANY, Defendant.

Court of Appeals

*No. 01–0017. Submitted on briefs July 31, 2001.—Decided
September 5, 2001.*

## 2001 WI App 247

(Also reported in 635 N.W.2d 631.)

On behalf of the plaintiff-appellant, the cause was submitted on the briefs of *Thomas J. Donnelly* of *Emile Banks & Associates, LLC*, Milwaukee.

On behalf of the interested partie-respondent, Charles W. Thiel, the cause was submitted on the brief of *I. Gregg Curry IV* of *McCarty Curry Wydeven Peeters & Haak, LLP*, Kaukauna.

Before Cane, C.J., Hoover, P.J., and Peterson, J.

¶ 1. PETERSON, J. Heritage Mutual Insurance Company appeals a summary judgment requiring it to provide liability cover age pursuant to WIS. STAT. § 632.32(6)(a),[1] for an officer of Wilber's Truck World[2] who was involved in an automobile accident. Heritage argues that the policy is not subject to § 632.32(6)(a) because it is a general liability policy, not an automobile liability policy. We disagree and affirm the judgment.

---

[1] All references to the Wisconsin Statutes are to the 1999–2000 version unless otherwise noted.

[2] Wilber's Truck World, Inc., is a business that repairs and services motor vehicles.

113

## BACKGROUND

¶ 2. Douglas Wilber, vice-president of Wilber's Truck World, Inc., drove a vehicle owned by Rose Marie and Orville Otradovec to a restaurant for a meeting. The vehicle had been at Wilber's Truck World for repairs. When Wilber left the restaurant after the meeting, he was involved in an automobile accident with Charles Thiel.

¶ 3. Wilber's Truck World carries a general liability insurance policy that Heritage had issued. The policy excludes coverage for liability arising from the use of an automobile. However, an endorsement to the policy provides non-owned auto liability coverage.

¶ 4. The endorsement provides that to qualify as an insured for non-owned auto liability coverage, employees or officers of Wilber's Truck World have to be using a non-owned vehicle in the course of "auto business operations." Non-owned vehicles are defined by the endorsement as automobiles that are not owned by Wilber's Truck World and that are used in connection with "auto business operations." "Auto business operations" is defined by the policy as "the business of selling, repairing, servicing, storing or parking autos."

¶ 5. After the accident, Heritage filed a declaratory judgment action seeking a coverage determination with respect to the general liability policy. Thiel filed a motion for summary judgment arguing that pursuant to Wis. Stat. § 632.32(6)(a), the policy provided coverage for Wilber as a matter of law.

¶ 6. The circuit court granted summary judgment. The court reasoned that: (1) Wilber's Truck World was a motor vehicle handler; (2) Wilber was an officer; (3) the Otradovecs were customers; (4) and Wilber was using the Otradovecs' vehicle at the time of

the accident. Therefore, the elements of WIS. STAT. § 632.32(6)(a) had been met. Heritage was required to provide Wilber coverage.[3] This appeal followed.

## STANDARD OF REVIEW

¶ 7. We review a grant or denial of summary judgment independently, using the same methodology as the circuit court. *M&I First Nat'l Bank v. Episcopal Homes Mgmt., Inc.*, 195 Wis. 2d 485, 496–97, 536 N.W.2d 175 (Ct. App. 1995). We need not repeat the entire methodology here, except to note that "if a genuine dispute of material fact exists or if the evidence presented is subject to conflicting inferences or factual interpretations, then summary judgment must be denied." *Hanson v. Prudential Prop. & Cas. Ins. Co.*, 224 Wis. 2d 356, 362, 591 N.W.2d 619 (Ct. App. 1999).

¶ 8. This appeal also requires us to interpret WIS. STAT. § 632.32(6)(a). The interpretation of a statute is a question of law we review independently. *Roehl v. American Family Mut. Ins. Co.*, 222 Wis. 2d 136, 142, 585 N.W.2d 893 (Ct. App. 1998). "The purpose of statutory construction is to give effect to the legislative intent." *Id.* When determining legislative intent, we first examine the language of the statute itself, and if the language is unambiguous, we give the language of the statute its ordinary meaning. *Id.*

---

[3] The case was tried to a jury on other issues. However, because of the circuit court's grant of summary judgment, the issue whether Wilber's use of the automobile was in the course of auto business operations was not presented to the jury.

## DISCUSSION

¶ 9. Wisconsin Stat. § 632.32 is the omnibus motor vehicle coverage statute. *Miller v. Amundson*, 117 Wis. 2d 425, 429, 345 N.W.2d 494 (Ct. App. 1984). Wisconsin Stat. § 632.32(1) provides that the statute applies "to every policy of insurance issued or delivered in [Wisconsin] against the insured's liability for loss or damage resulting from accident caused by any motor vehicle. . . ."

¶ 10. Wisconsin Stat. § 632.32(6)(a) contains a list of prohibited exclusions and provides that "[n]o policy issued to a motor vehicle handler may exclude coverage upon any of its officers, agents or employees when any of them are using motor vehicles owned by customers doing business with the motor vehicle handler." "Using" is defined as "driving, operating, manipulating, riding in and any other use." Wis. Stat. § 632.32(2)(c).

¶ 11. Heritage argues that the statute does not cover the policy because it is a general liability policy that excludes coverage for liability arising from the use of an automobile. While the policy does contain an endorsement for non-owned auto liability coverage, absent the endorsement the policy would not cover liability arising from the use of an automobile. According to Heritage, the endorsement is in excess of the minimum coverage required by law. As excess coverage, the endorsement limits the definition of an insured and limits non-owned auto coverage to situations where "use" is in the course of auto business operations. Therefore, Heritage contends that because the coverage under the endorsement exceeds that required by law and does not exclude coverage, Wis. Stat. § 632.32(6)(a) does not apply. Simply put, Heritage argues that an insurer may limit coverage if the coverage is optional under the policy.

116

¶ 12. We have not addressed this distinction between coverage exclusions and limitations in the context of WIS. STAT. § 632.32(6)(a). However, in *Bindrim v. B. & J. Ins. Agency*, 190 Wis. 2d 525, 534, 527 N.W.2d 320 (1995), this distinction was considered and rejected by our supreme court in the context of § 632.32(6)(b)1 (1991–92).[4] Under those facts, Bindrim was injured when a motor vehicle owned by Hommeland and operated by Degano hit his motorcycle. *Bindrim*, 190 Wis. 2d at 531. Colonial Insurance Company insured Degano's husband. His policy was a named insurance policy and did not afford coverage to anyone other than the named insured. *Id*. Colonial denied coverage to Degano because Degano's husband was the named insured. *Id*. at 532. The trial court granted summary judgment in favor of Bindrim.

¶ 13. On appeal, Colonial argued that *Klatt v. Zera*, 11 Wis. 2d 415, 105 N.W.2d 776 (1960), allowed an insurance company to write a non-owners policy that only covered the named insured. In *Klatt*, the court held that when a policy contains no express exclusion clause that discriminates against any person related to the insured by blood or marriage, the policy may provide greater coverage for the insured. *Klatt*, 11 Wis. 2d at 425.

¶ 14. The *Bindrim* court distinguished *Klatt*. In *Bindrim*, the endorsement drafted for Degano's husband contained a clause that excluded Degano from all coverage. Because Degano would have had no coverage under Colonial's interpretation, the court held that Colonial could not rely on the *Klatt* rule that a policy

---

[4] WISCONSIN STAT. § 632.32(6)(b)1 reads as follows: "No policy may exclude from the coverage afforded or benefits provided: 1. Persons related by blood, marriage or adoption to the insured."

may provide extended coverage for only the named insured. *Bindrim*, 190 Wis. 2d at 538.

¶ 15. The *Bindrim* court further held that the plain language of the provision in Wis. Stat. § 632.32 requires that it apply to all policies falling within the scope of the omnibus coverage statute. *Bindrim*, 190 Wis. 2d at 534–36. As the court explained:

> The terms of the Omnibus Coverage Statute are clear. "No policy" may exclude a person related by blood or marriage to the insured. Section 632.32(6)(b)1, Stats. No policy means no policy. It does not mean "no policy except named operators coverage for non-owned vehicles policies." Nor does it mean "no policy except policies that comply with the Financial Responsibility Statutes."

*Id.* at 534–35. The court held that when a policy falls within the scope of Wis. Stat. § 632.32, any exclusion or limitation prohibited by § 632.32(6)(b)1 is void. *Bindrim*, 190 Wis. 2d at 538.

■
¶ 16. We conclude that the language of Wis. Stat. § 632.32(6)(a) is plain and clear and that the elements required for coverage have been met. If a statute's terms have a plain meaning, we may not resort to judicial rules of interpretation and construction. *Bindrim*, 190 Wis. 2d at 534. Under the statute, Wilber's Truck World is a motor vehicle handler as defined in § 632.32(2)(b), and Wilber is an officer of Wilber's Truck World. The Otradovecs were customers doing business with Wilber's Truck World. At the time of the accident, Wilber was driving the Otradovecs' vehicle. Thus, under the statute, the Heritage policy was required to insure Wilber.

¶ 17. Using the same reasoning as *Bindrim*, we conclude that even though the Heritage policy is a general liability policy, Wis. Stat. § 632.32(6)(a) applies. While not required by law to offer automobile liability coverage, Heritage did provide coverage with the endorsement for non-owned auto liability. The policy covered Wilber's Truck World's liability resulting from an accident caused by a non-owned motor vehicle. The scope of § 632.32 applies to "every policy of insurance issued . . . against the insured's liability for loss or damage resulting from accident caused by any motor vehicle. . . ." Wis. Stat. § 632.32(1). Therefore, the policy was required to comply with § 632.32(6)(a).

¶ 18. Under Heritage's interpretation of the endorsement, Wilber is not covered. The endorsement contains a clause that narrows the scope of the statute and excludes Wilber from coverage. Despite labeling the endorsement as a limitation rather than an exclusion, the end result is an endorsement that operates to exclude coverage where coverage would otherwise be available under the statute's plain terms. Because Wis. Stat. § 632.32(6)(a) applies and because the requirements for coverage have been met, Wilber is covered as a matter of law.

*By the Court.*—Judgment affirmed.