In the Matter of Attorney Fees in State v.
Kevin Helsper

State of Wisconsin, Plaintiff-Respondent,

v.

Kevin J. Helsper, Defendant-Appellant.

Court of Appeals

No. 2006AP835–CR. *Submitted on briefs September 11, 2006.
—Decided October 17, 2006.*

2006 WI App.243

(Also reported in 724 N.W.2d 414.)

On behalf of the defendant-appellant, the cause was submitted on the briefs of *Glenn L. Cushing*, assistant state public defender, Madison.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *Sharon G. McIlquham*, assistant corporation counsel of Eau Claire.

Before Cane, C.J., Hoover, P.J., and Peterson, J.

¶ 1. PETERSON, J. Kevin Helsper appeals an order denying his motion to vacate an order committing him to the Eau Claire County Jail for failure to pay attorney fees due under his judgment of conviction. He argues his commitment is unconstitutional because he was never granted an opportunity to prove that his

failure to pay was due to his indigency. We hold that Wis. Stat. § 973.07[1] does not allow commitment absent a finding that the defendant was able to pay an attorney fee obligation. Because no finding was made here, we reverse the order and remand with directions to vacate the commitment order.

## BACKGROUND

¶ 2. On February 9, 2002, Helsper was arrested for operating a motor vehicle while under the influence of an intoxicant (OWI) and other violations after a car chase. He was charged with seven counts, including OWI—2nd, attempting to elude an officer, and possession of THC. Helsper petitioned the court for an appointed attorney, alleging that he had been rejected by the state public defender but could not afford to retain an attorney. The court appointed an attorney to represent Helsper. The attorney was to be paid by Eau Claire County, and Helsper would be liable to the County for amounts expended on his behalf.[2]

¶ 3. Helsper pled guilty to two counts in return for dismissal of the other five. The judgments of conviction noted that the amount of attorney fees was left open. After Helsper's attorney submitted his bill, one of the judgments of conviction was amended to require payment of $919.75 in attorney fees. The judgment specified that payment was due within sixty days, and

[1] All references to the Wisconsin Statutes are to the 2003–04 version unless otherwise noted.

[2] A defendant can be indigent but still have enough resources to be statutorily ineligible for a public defender. In that case, the court appoints an attorney to represent the defendant at county expense. *See State v. Dean*, 163 Wis. 2d 503, 471 N.W.2d 310 (Ct. App. 1991). That is what happened here.

failure to pay would result in commitment. No hearing was ever held to determine whether Helsper was able to pay the attorney fees.

¶ 4. On September 21, 2005, Helsper still owed $465.75 on his attorney fee obligation. The court issued a commitment order authorizing Helsper's commitment to the county jail for thirty-three days. Helsper was arrested and eventually released pending legal argument on the validity of the commitment order. After briefing and a hearing, the court concluded that its order was valid but stayed the order pending Helsper's appeal.

## STANDARD OF REVIEW

¶ 5. The meaning and constitutionality of a statute are questions of law. *Dowhower ex rel. Rosenberg v. West Bend Mut. Ins. Co.*, 2000 WI 73, ¶ 10, 236 Wis. 2d 113, 613 N.W.2d 557; *Heritage Mut. Ins. Co. v. Wilber*, 2001 WI App 247, ¶ 8, 248 Wis. 2d 111, 635 N.W.2d 631. We review questions of law without deference to the circuit court, but benefiting from its analysis. *Id.*

## DISCUSSION

¶ 6. We discuss (1) the constitutional procedural requirements for state recoupment of attorney fees; (2) the meaning of Wisconsin's recoupment statute; and (3) the County's contention that we must affirm the circuit court's decision under *State ex rel. Pedersen v. Blessinger*, 56 Wis. 2d 286, 289, 201 N.W.2d 778 (1972).[3] We conclude the United States Constitution requires the circuit court to determine ability to pay at some

_____

[3] The State of Wisconsin is listed on the caption of this case, but the Eau Claire County Corporation Counsel filed the brief

point prior to commitment for failure to pay attorney fees, and hold that Wisconsin's recoupment statute requires a hearing to make that determination. We conclude *Blessinger* does not control because it dealt with nonpayment of a fine, not nonpayment of a fee obligation.

## I. Constitutional limits on fee recoupment

¶ 7. Constitutional limits on a state's recoupment of attorney fees are grounded in both due process and equal protection principles. *Bearden v. Georgia*, 461 U.S. 660, 665 (1983). Recoupment statutes must be tailored to "impose an obligation only upon those with a foreseeable ability to meet it, and to enforce that obligation only against those who actually become able to meet it without hardship." *Fuller v. Oregon*, 417 U.S. 40, 54 (1974).

¶ 8. *Fuller* involved a challenge to Oregon's recoupment statute. Under the Oregon statute, the defendant's ability to pay was assessed at three different points in the process. First, the court at sentencing was required to decide whether the defendant "is or will be able to pay" the fees. If there was "no likelihood" that the defendant would be able to pay in the future, the court could not require payment. *Id.* at 44. Second, a defendant could petition the court for remission of the fee obligation at any point after sentencing on the grounds of "manifest hardship." *Id.* Third, if the defendant failed to pay, the court would issue a motion to show cause or a warrant for his arrest. After arrest, the defendant was entitled to a hearing at which the defendant could avoid

on behalf of the State. For this reason, and because Eau Claire County is the party attempting to recover the fees, we refer to respondent as the County.

imprisonment by showing that the default "was not attributable to an intentional refusal to obey the order of the court." *Id.*

¶ 9. The Supreme Court in *Fuller* did not expressly require all of the safeguards found in the Oregon statute. It did, however, note that the key to the Oregon statute's constitutionality was that it was

> directed only at those convicted defendants who are indigent at the time of the criminal proceedings against them but who subsequently gain the ability to pay the expenses of legal representation. Defendants with no likelihood of having the means to repay are not put under even a conditional obligation to do so, and those upon whom a conditional obligation is imposed are not subjected to collection procedures until their indigency has ended and no 'manifest hardship' will result.

*Id.* at 46. At a minimum, then, *Fuller* requires some procedural safeguard designed to protect defendants from commitment if they are truly unable to pay their fee obligation.

¶ 10. Helsper argues the minimum safeguard should be a finding of ability to pay prior to all commitments for unpaid fee obligations. He argues that only an affirmative finding of ability to pay, at a hearing where the defendant has an opportunity to respond, will satisfy *Fuller*. He observes that the circuit court here never made a finding at sentencing, at the time when the fees were determined or before the commitment order was issued.

¶ 11. We agree. *Fuller* requires that "those upon whom a conditional obligation is imposed [not be] subjected to collection procedures until their indigency has ended and no 'manifest hardship' will result" from pay-

ment. *Fuller*, 417 U.S. at 46. A defendant who lacks a hearing, notice of the right to request one, or representation is likely to be committed regardless of ability to pay the attorney fee obligation.

## II. Wisconsin's recoupment statute

▮

¶ 12. When interpreting statutes, "the cardinal rule of statutory construction is to preserve a statute and find it constitutional if it is at all possible to do so." *State ex rel. Ft. Howard Paper Co. v. State Lake Dist. Bd. of Review*, 82 Wis. 2d 491, 505, 263 N.W.2d 178 (1978). For this reason, statutes are to be interpreted in a way that will preserve their constitutionality "if at all possible." *Dowhower*, 236 Wis. 2d 113, ¶ 17.

¶ 13. In this case, in order to be constitutional the Wisconsin statute must require a finding of ability to pay prior to any commitment. We therefore will interpret the statute to require such a finding if at all possible.

¶ 14. Helsper was committed pursuant to WIS. STAT. § 973.07:

> If the fine, plus costs, fees, and surcharges imposed under ch. 814, are not paid . . . the defendant may be committed to the county jail until the fine, costs, fees, and surcharges are paid or discharged . . . for a period fixed by the court not to exceed 6 months.

"Costs, fees and surcharges" include attorney fees paid to the defendant's attorney by the county or the state. WIS. STAT. § 973.06(1)(e).

¶ 15. The word "may" in WIS. STAT. § 973.07 indicates that the court is to exercise its discretion when deciding whether to commit a defendant for his or her fee obligation. However, the statute is silent on what the

court is to consider when exercising its discretion and the procedure it is to follow when doing so.

¶ 16. We fill in this legislative silence with the minimum requirements in *Fuller*. We hold that, at least where no prior determination of ability to pay exists, the court must consider whether the defendant had the ability to pay the attorney fee obligation when it exercises its discretion under WIS. STAT. § 973.07. The court's consideration of this issue must be based on a finding of ability to pay made at a hearing where the defendant is given notice and an opportunity to be heard.[4] Here, no such finding was made at sentencing, at the time Helsper's fees were set, or at the time the commitment order was issued.

### III. The County's argument under *Blessinger*

¶ 17. The County does not address *Fuller* or the constitutional principles at issue here. Instead, it argues that we must affirm under *Blessinger*, 56 Wis. 2d at 289. We disagree.

¶ 18. In *Blessinger*, the defendant was committed for an unpaid fine, which like an unpaid fee obligation is grounds for commitment under WIS. STAT. § 973.07. *Id.* at 288. The court held that § 973.07 was facially constitutional, but acknowledged that in individual cases the statute could be unconstitutional as applied. *Id.* at 298. It

---

[4] Our holding is based on the constitutional requirements for attorney fee recoupment statutes under *Fuller v. Oregon*, 417 U.S. 40 (1974), and only the portion of the court's order authorizing commitment for Helsper's attorney fee obligation is before us. We offer no opinion on the proper considerations for the court in a WIS. STAT. § 973.07 commitment action based on obligations other than unpaid attorney fees.

reasoned that the statute was facially valid because "60 days is a reasonable time to pay a fine in most cases" and the court had inherent power to stay a fine "to meet the needs in an individual case." *Id.* at 294. If a defendant raised the issue, a hearing on ability to pay was necessary to avoid an unconstitutional application of the statute. *Id.* at 298.

¶ 19. Because *Blessinger* involved nonpayment of a fine, not an attorney fee obligation, the court's holding in that case was based on a different constitutional analysis and a different factual premise. We therefore conclude that *Blessinger* does not control the result here.

■

¶ 20. Fines and attorney fee obligations involve different State purposes, and therefore a different constitutional analysis. When analyzing the constitutionality of a fee recoupment statute, the court is to consider, among other things, the rationality of the connection between legislative means and purpose and the existence of alternative means for effectuating the purpose. *See Bearden*, 461 U.S. at 667. The State's purpose in collecting a fine is not the same as its purpose in collecting an attorney fee obligation. A fine is a penalty for wrongdoing, and indigency is not a license to break the law with impunity. *Id.* at 669. When a defendant cannot pay a fine, the State still has an interest in deterring the prohibited conduct and levying some punishment. *Id.* at 672. Attorney fees, on the other hand, are a debt owed to the State. The State's purpose is to collect that debt. *James v. Strange*, 407 U.S. 128, 141 (1972). Punishment will not help the State collect a debt from a defendant who truly lacks the resources to pay.

¶ 21. In addition, the main factual premise underlying the holding in *Blessinger* is not present in this case. The *Blessinger* court based its holding on its belief

that "it is difficult to find inability to pay when a defendant owns an automobile and seemingly has money to buy gasoline or has the ability to borrow." *Id.* at 295. The court was reluctant to impose additional procedural requirements on traffic courts due to the large volume of their caseload and the low likelihood that a given defendant would be truly unable to pay a fine. *Id.* at 296.

¶ 22. This premise is not present when an attorney fee obligation is at issue. Attorney fee obligations, like the obligation here, are generally larger than traffic fines, and nothing about the fact that a defendant has incurred a fee obligation indicates that the defendant has the ability to pay. To the contrary, attorney fee obligations are by definition incurred by defendants who may have difficulty repaying them. In order to qualify for a county-funded attorney, a defendant must prove that he or she is unable to raise the funds for an attorney, even by a loan. *See* WIS. STAT. § 977.07(2); *State v. Dean,* 163 Wis. 2d 503, 514, 471 N.W.2d 310 (Ct. App. 1991). These extremely high risk obligations are much more likely to go unpaid due to a defendant's indigency than fines.

¶ 23. Finally, even if *Blessinger* controls, the circuit court still erred in committing Helsper without finding that he was able to pay his attorney fees. *Blessinger* did not hold, as the County argues, that no hearing on ability to pay is ever required in a WIS. STAT. § 973.07 commitment action. Rather, *Blessinger* merely held that the burden was on an indigent defendant to request a hearing if he or she was unable to pay a fine. *Blessinger,* 56 Wis. 2d at 294. The court was to grant the requested hearing to avoid an unconstitutional application of the statute. *Id.* at 298. Here, Helsper made such a request when he challenged the commitment order.[5]

---

[5] Helsper did not explicitly request a hearing pursuant to *State ex rel. Pedersen v. Blessinger,* 56 Wis. 2d 286, 201 N.W.2d

Even under the standard for fines set out in *Blessinger*, the court was required to grant Helsper a hearing pursuant to his challenge.

¶ 24. Helsper's commitment without a finding that he had the ability to pay his attorney fees was contrary to WIS. STAT. § 973.07 and the Constitution. We therefore reverse the order and remand with directions to vacate the commitment order.[6] The State remains free, of course, to apply for a new commitment order in a manner consistent with this opinion.

*By the court*—Order reversed and cause remanded with directions.

778 (1972). He did, however, argue that commitment without a hearing on ability to pay was contrary to the Wisconsin Statutes and request a new commitment procedure that included a hearing on his ability to pay. We believe that this request was sufficient to require a hearing under *Blessinger*.

[6] In addition to the claim addressed here, Helsper alleges several constitutional violations. He argues that the circuit court violated his rights when it made no determination of his ability to pay in the future at the time of sentencing. He also argues that his right to equal protection was violated when the court ordered him committed because commitment is a sanction not available to ordinary creditors. *See Fuller*, 417 U.S. at 61 (Marshall, J., dissenting) (arguing that all imprisonment under recoupment statutes is unconstitutional where a defendant could not be imprisoned for a debt to a private attorney). The only relief Helsper seeks, however, is vacation of the commitment order. Because we vacate the order based on the circuit court's failure to grant a hearing, we need not address Helsper's alternative theories. *See State v. Blalock*, 150 Wis. 2d 688, 703, 442 N.W.2d 514 (Ct. App. 1989) (cases are to be decided on the narrowest possible grounds).