STATE of Wisconsin, Plaintiff-Appellant,

v.

Thomas W. KOEPPEN, Defendant-Respondent.†

Court of Appeals

*No. 2013AP2539–CR. Submitted on briefs June 9, 2014.*
*—Decided August 28, 2014*

2014 WI App 94

(Also reported in 854 N.W.2d 849.)

† Petition for Review denied.

On behalf of the plaintiff-appellant, the cause was submitted on the briefs of *Michael C. Sanders*, assistant attorney general, and *J.B. Van Hollen*, attorney general.

On behalf of the defendant-respondent, the cause was submitted on the brief of *Katie R. York*, assistant state public defender of Madison.

Before Blanchard, P.J., Lundsten and Kloppenburg, JJ.

¶ 1. LUNDSTEN, J.   This case involves an allegation that Thomas Koeppen consumed alcohol and operated a particular type of vehicle defined in the traffic statutes. The vehicle at issue is a motor bicycle and, for the unfamiliar reader, it is sufficient to say in this

introduction that a motor bicycle is essentially a bicycle with a motor added, such that the bicycle can be pedaled or can be self-propelled using the motor. The question posed here is whether the operator of a motor bicycle who is either operating while under the influence of an intoxicant (OWI) or operating with a prohibited alcohol concentration (PAC) violates the OWI/PAC statute, WIS. STAT. § 346.63(1).[1] The answer to this question hinges on whether a "motor bicycle" as defined in WIS. STAT. § 340.01(30) is a "motor vehicle" as that term is defined in § 340.01(35) and used in the OWI/PAC statute. Unlike the circuit court, we conclude that a plain-language reading of the statutes leads to the conclusion that a "motor bicycle" is a "motor vehicle" within the meaning of these statutes, at least when the motor bicycle being operated is self-propelled, rather than pedaled.

¶ 2.    Here, the circuit court's conclusion that a motor bicycle is not a "motor vehicle" led the court to further conclude that the complaint did not allege that Koeppen was operating a "motor vehicle" and, therefore, that the complaint failed to allege probable cause that Koeppen violated the OWI/PAC statute, WIS. STAT. § 346.63(1). The court dismissed both the OWI charge and the PAC charge. We reverse and remand with directions that the circuit court permit the prosecution to file an amended complaint that includes those charges.

### *Background*

¶ 3.    The criminal complaint alleges that, on a June evening in 2013, Koeppen, riding a motor bicycle,

---

[1] All references to the Wisconsin Statutes are to the 2011–12 version, which is the version that was in effect at the time Koeppen was arrested.

approached and interfered with a police officer who was engaged in a traffic stop involving the driver of an automobile. Koeppen's continued interference, and repeated failure to comply with directives that he move away, eventually resulted in an officer pursuing Koeppen as Koeppen accelerated away from the scene on the motor bicycle. The pursuing officer noted that "Koeppen's feet were dangling off the sides of his bike and not on the pedals." The officer observed that Koeppen, on "flat" ground, was accelerating and was maneuvering the bike without pedaling. When Koeppen was stopped, the officer observed that the motor bicycle's ignition switch was in the "on" position and the motor "was functional."

¶ 4. Before and after Koeppen was taken into custody, he exhibited signs of intoxication, including the odor of alcohol, bloodshot glassy eyes, and belligerent behavior. A search of Koeppen's person revealed an open bottle of vodka and three knives. A subsequent test revealed a blood alcohol level of .175.

¶ 5. Koeppen was charged with obstructing an officer, resisting an officer, carrying a concealed weapon, 5th or 6th offense operating while under the influence of an intoxicant, and 5th or 6th offense operating with a prohibited alcohol concentration. The only charges at issue on appeal are the OWI and PAC charges.

¶ 6. The circuit court agreed with Koeppen that, because the OWI/PAC statute, WIS. STAT. § 346.63(1), applies only to driving or operating a "motor vehicle," the criminal complaint here did not contain probable cause because the complaint alleged that Koeppen was operating a *motor bicycle*. The court agreed with Koep-

pen that a motor bicycle is not a "motor vehicle." Accordingly, the court dismissed the OWI/PAC charges. The State appeals.

### *Discussion*

¶ 7.   The parties agree that the issue here is whether dismissal of the OWI/PAC charges was properly based on the failure of the complaint to allege facts sufficient to show probable cause that Koeppen violated the OWI/PAC statute, WIS. STAT. § 346.63(1). They also agree that this issue turns on a question of statutory interpretation, namely, whether a "motor bicycle" as defined in WIS. STAT. § 340.01(30) is a "motor vehicle" as that term is both defined in § 340.01(35) and used in the OWI/PAC statute. We therefore limit our discussion to this dispositive statutory interpretation question.

¶ 8.   We rely on the basic statutory interpretation principles set forth in *State ex rel. Kalal v. Circuit Court for Dane County*, 2004 WI 58, 271 Wis. 2d 633, 681 N.W.2d 110. The *Kalal* court explained that "statutory interpretation 'begins with the language of the statute. If the meaning of the statute is plain, we ordinarily stop the inquiry.' " *Id.*, ¶ 45 (quoted source omitted). Also, statutory language is "interpreted in the context in which it is used; not in isolation but as part of a whole; . . . and reasonably, to avoid absurd or unreasonable results." *Id.*, ¶ 46.

¶ 9.   We conclude that a plain-language reading leads to the conclusion that a "motor bicycle" is a "motor vehicle" for purposes of the OWI/PAC statute, at least when the motor bicycle being operated is self-propelled, rather than pedaled. Further, Koeppen does not per-

816

suade us that this plain-language reading produces absurd results. Our analysis is divided into five sections organized around the parties' arguments and the circuit court's reasoning.

### A. The State's Reliance On The Definition Of "Motor Vehicle" And Koeppen's Argument Based On WIS. STAT. § 346.02(4)(a)

¶ 10. The parties do not dispute the meaning of "motor bicycle," which, for purposes of several chapters governing vehicles and rules of the road, is defined in WIS. STAT. § 340.01(30).[2] And, Koeppen does not dispute that the complaint sufficiently alleges that he was operating a "motor bicycle" as that term is defined in § 340.01(30). Rather, the dispute here is whether a "motor bicycle" is a "motor vehicle" for purposes of WIS. STAT. § 346.63(1). Section 346.63(1) provides, in relevant part:

> **(1)** No person may drive or operate a *motor vehicle* while:
>
> (a) Under the influence of an intoxicant . . . or
>
> . . . .

---

[2] WISCONSIN STAT. § 340.01(30) provides:

"Motor bicycle" means any of the following:

(a) A bicycle to which a power unit not an integral part of the vehicle has been added to permit the vehicle to travel at a speed of not more than 30 miles per hour with a 150–pound rider on a dry, level, hard surface with no wind and having a seat for the operator.

(b) A 2–wheeled or 3–wheeled vehicle that has fully operative pedals for propulsion by human power and an electric motor of less than 750 watts and that is capable, when powered solely by the motor, of a maximum speed of less than 20 miles per hour with a 170–pound rider on a dry, level, hard surface with no wind.

(b) The person has a prohibited alcohol concentration.

(Emphasis added.)

¶ 11. According to the State, the dispute is resolved by looking to the definitions of "vehicle" and "motor vehicle." We agree.

¶ 12. First, a "motor bicycle" is a "vehicle" within the meaning of WIS. STAT. § 340.01(74). Section 340.01(74) states:

> "Vehicle" means *every device* in, *upon, or by which any person* or property *is or may be transported* or drawn upon a highway, except railroad trains. A snowmobile, an all-terrain vehicle, and an electric personal assistive mobility device shall not be considered a vehicle except for purposes made specifically applicable by statute.

(Emphasis added.) There is no dispute that a "motor bicycle" is a "device . . . upon, or by which [a] person . . . is or may be transported" and that none of the exceptions apply.

¶ 13. Second, WIS. STAT. § 340.01(35) defines which "vehicles" are "motor vehicles." Section 340.01(35) provides:

> "Motor vehicle" means *a vehicle,* including a combination of 2 or more vehicles or an articulated vehicle, *which is self-propelled,* except a vehicle operated exclusively on a rail. "Motor vehicle" includes, without limitation, a commercial motor vehicle or a vehicle which is propelled by electric power obtained from overhead trolley wires but not operated on rails. A snowmobile, an all-terrain vehicle, and a utility terrain vehicle, and an electric personal assistive mobility device shall be considered motor vehicles only for purposes made specifically applicable by statute.

818

(Emphasis added.) Koeppen does not dispute that a motor bicycle can be operated as a "self-propelled" vehicle. For that matter, Koeppen does not dispute that the criminal complaint here alleged that he was operating the motor bicycle as a self-propelled vehicle. And, once more, none of the stated exceptions apply.

¶ 14. To sum up so far, if we consider only the words and definitions used in the OWI/PAC statute and the statutes defining "vehicle," "motor vehicle," and "motor bicycle," it is a simple matter to conclude that a "motor bicycle," at least when operated in a self-propelled manner, is a "motor vehicle" for purposes of the OWI/PAC statute.[3]

¶ 15. Koeppen does not dispute this statutory analysis, at least not as far as it goes. Rather, Koeppen argues that the analysis ignores a more specific statute that leads to a different interpretation. According to Koeppen, that more specific statute is WIS. STAT. § 346.02(4)(a), which provides:

> (a) Subject to the special provisions applicable to bicycles, every person riding a bicycle upon a roadway or shoulder of a highway is granted all the rights and is subject to all the duties which this chapter grants or applies to the operator of a vehicle, *except those provisions which by their express terms apply only to motor*

---

[3] The State contends that its statutory interpretation argument is consistent with the analyses used to address other types of vehicles in *Lemon v. Federal Insurance Co.*, 111 Wis. 2d 563, 567, 331 N.W.2d 379 (1983), and *State v. Sohn*, 193 Wis. 2d 346, 356–59, 535 N.W.2d 1 (Ct. App. 1995). Koeppen does not disagree. Instead, Koeppen argues that neither of those cases involved a statute like WIS. STAT. § 346.02(4)(a), which effectively overrides what might otherwise be the plain-language application of the various statutory provisions at issue. However, as we explain next in the text, Koeppen misreads § 346.02(4)(a).

*vehicles* or which by their very nature would have no application to bicycles. For purposes of this chapter, *provisions which apply to bicycles also apply to motor bicycles,* except as otherwise expressly provided.

(Emphasis added.) Based on the italicized language, Koeppen's reasoning proceeds in two steps:

- First, the OWI/PAC statute does not apply to bicycles because the OWI/PAC statute "by [its] express terms appl[ies] only to motor vehicles," and a bicycle is not a "motor vehicle."

- Second, the fact that the OWI/PAC statute does not apply to the operation of bicycles means that it likewise does not apply to motor bicycles because, under the last sentence of § 346.02(4)(a), all provisions in WIS. STAT. ch. 346 that apply to bicycles also apply to motor bicycles.

¶ 16. Koeppen's first step states a correct proposition—a "bicycle" is not a "motor vehicle." The problem with Koeppen's argument lies in his second step.

¶ 17. Koeppen's second step hinges on the erroneous proposition that the statutory phrase "provisions [in WIS. STAT. ch. 346] which apply to bicycles also apply to motor bicycles" means *both* of the following: (1) provisions in ch. 346 that apply to bicycles also apply to motor bicycles, and (2) provisions in ch. 346 that do not apply to bicycles also do not apply to motor bicycles. Of course the statutory phrase means the former because that is what it says. But the clause on which Koeppen relies does not say the latter. As the State succinctly states: "[N]othing in the statute provides that provisions that do **not** apply to bicycles also do **not** apply to motor bicycles."

820

¶ 18. Accordingly, we reject Koeppen's assertion that Wɪs. Stat. § 346.02(4)(a) directs that provisions, like the OWI/PAC statute, that do not apply to bicycles also do not apply to motor bicycles.

### B. The Legislature's Use Of The Term "Vehicle" As An Indication That A "Motor Bicycle" Is Not A "Motor Vehicle"

¶ 19. On appeal, Koeppen apparently concedes that an argument he persuaded the circuit court to adopt is not viable. As we understand the argument, it is based on the fact that the legislature used the term "vehicle" when defining a "motor bicycle" in Wɪs. Stat. § 340.01(30), but used the term "motor vehicle" when defining other vehicles, such as "mopeds," "motorcycles," and "motor homes." This difference, so the argument goes, shows that, when the legislature intends that a vehicle be treated as a "motor vehicle," the legislature uses the term "motor vehicle" to define the vehicle.

¶ 20. If Koeppen's current silence on this issue is intended as a concession, the concession seems appropriate because we are unable to see how the argument undercuts the plain-language analysis we set forth above. We do observe the following.

¶ 21. The legislature's use of the term "vehicle" in Wɪs. Stat. § 340.01(30) is fundamentally different from the legislature's use of the term "motor vehicle" in most of the other definitions of vehicles. So far as we can tell, the legislature uses the term "motor vehicle" in the definitions for most other vehicles, such as "motorcycles" and "motor homes," to explain that these vehicles must satisfy the definition of "motor vehicle" in addition to satisfying the specifics of the definition in

each particular statute. *See* § 340.01(32) (" 'Motorcycle' means a motor vehicle . . . which is capable of . . . ."); § 340.01(33m) (" 'Motor home' means a motor vehicle designed . . . ."). Any argument based on the use of the term "motor vehicle" in these definitions fails because the legislature independently defines "motor vehicle" in § 340.01(35) to be "a vehicle . . . which is self-propelled," and, as noted above, a motor bicycle, at least when operated in a self-propelled manner, comes within that definition.

¶ 22.  At the same time, however, we acknowledge that the use of "motor vehicle" in the definition of at least one vehicle, the "moped," is puzzling. Under Wis. Stat. § 340.01(29m)(am), a "moped" is a "motor vehicle[] . . . [with] a power source as an integral part of the vehicle," and includes "[a] bicycle-type vehicle with fully operative pedals for propulsion by human power and an engine certified by the manufacturer at not more than 130 cubic centimeters or an equivalent power unit."[4] This language seemingly means that at least some mopeds can be completely propelled by the

---

[4] Wisconsin Stat. § 340.01(29m)(am) provides:

(29m)(am) "Moped" means any of the following motor vehicles capable of speeds of not more than 30 miles per hour with a 150–pound rider on a dry, level, hard surface with no wind, excluding a tractor, a power source as an integral part of the vehicle and a seat for the operator:

1. A bicycle-type vehicle with fully operative pedals for propulsion by human power and an engine certified by the manufacturer at not more than 130 cubic centimeters or an equivalent power unit.

2. A Type 1 motorcycle with an automatic transmission and an engine certified by the manufacturer at not more than 50 cubic centimeters or an equivalent power unit.

rider using pedals which, in turn, also appears to mean that mopeds are not always operated in a self-propelled manner.

¶ 23. In the absence of developed argument, we fail to see what significance we should attach to the legislature's decision to use the term "vehicle" when defining "motor bicycle" and to use "motor vehicle" when defining other vehicles. More to the point, we fail to see how the use of "vehicle" and "motor vehicle" in the definitions of various vehicles undercuts the plain-language interpretation we set forth above. Accordingly, we address the argument no further.

## C.  Legislative History

■

¶ 24. Koeppen points to legislative history which, he claims, supports his reading of Wis. Stat. § 346.02(4)(a). Our response is twofold. First, we do not resort to extrinsic aids, like the legislative history Koeppen points to, when the meaning of statutory language is clear. *See Kalal*, 271 Wis. 2d 633, ¶ 46. Second, the history Koeppen directs our attention to does not suggest a different result here. Koeppen states that, when expanding the definition of "motor bicycle" in 2010, the legislature noted that, "[w]ith exceptions, mopeds are generally treated similarly to motorcycles for purposes of traffic regulation and vehicle equipment requirements, *while motor bicycles are generally treated similarly to bicycles*." Wisconsin Legislative Council Act Memo, 2009 Wis. Act 122 (Feb. 16, 2010). The fact that motor bicycles are "generally" treated "similarly" to bicycles does not mean that they are always treated similarly or the same.

## D. Absurd Results

¶ 25. Without using the terms "absurd" or "unreasonable," Koeppen may nonetheless mean to suggest that our interpretation will lead to absurd results. Koeppen identifies what he alleges are two illogical results of treating motor bicycles as "motor vehicles" for purposes of the OWI/PAC statute. If Koeppen means to make an absurd results argument, we are not persuaded.

¶ 26. First, Koeppen argues that, if motor bicycles are considered "motor vehicles" for purposes of the OWI/PAC statute, motor bicycles would also, and illogically, be entitled to full use of traffic lanes. Koeppen points to WIS. STAT. § 346.595, entitled "Motorcycles and mopeds," which states: "All motor vehicles including motorcycles and mopeds are entitled to the full use of a traffic lane . . . ." WIS. STAT. § 346.595(1). According to Koeppen, if a motor bicycle is a "motor vehicle," then, under § 346.595(1), a motor bicycle could use a full lane of traffic without safety restrictions like those mandated for motorcycles and mopeds. Instead, says Koeppen, motor bicycles should always be treated like bicycles, in which case WIS. STAT. § 346.80(2)(a) would govern and require motor bicycles, like bicycles, to be ridden as close as practicable to the right-hand edge or curb of the roadway when they are traveling slower than traffic.[5]

---

[5] With exceptions, WIS. STAT. § 346.80(2)(a) provides: "Any person operating a bicycle . . . upon a roadway at less than the normal speed of traffic at the time and place and under the conditions then existing shall ride as close as practicable to the right-hand edge or curb of the unobstructed traveled roadway . . . ."

¶ 27. Although the question whether motor bicycles are entitled to use of a full lane of traffic is not before us, our less than exhaustive look at this topic suggests that Koeppen's argument is flawed. Koeppen seemingly ignores the plain language of the very statute on which he primarily relies, WIS. STAT. § 346.02(4)(a).

¶ 28. As we have seen, under WIS. STAT. § 346.02(4)(a), rules of the road that apply to bicycles also apply to motor bicycles. And, Koeppen himself points out that WIS. STAT. § 346.80(2)(a) applies to bicycles and imposes a ride-to-the-right requirement. It appears, then, that § 346.02(4)(a) plainly directs that provisions such as § 346.80(2)(a) that apply to bicycles *also* apply to motor bicycles and, therefore, that the two statutes together impose a ride-to-the-right requirement on motor bicycles.

¶ 29. We use qualified language here because we do not mean to definitively resolve whether motor bicycles are entitled to use a full lane of traffic under WIS. STAT. § 346.595(1) or must, instead, abide by the stay-to-the-right requirement in WIS. STAT. § 346.80(2)(a). It is sufficient to observe that this allegedly absurd results example, if Koeppen means to present it as such, is not persuasive because Koeppen suggests no reason why the plain language of WIS. STAT. § 346.02(4)(a), and its interaction with § 346.80(2)(a), would not override the general language in § 346.595(1) stating that "motor vehicles . . . are entitled to the full use of a traffic lane," as that phrase might be applied to motor bicycles.

¶ 30. As to Koeppen's second possible absurd results example, we quote from Koeppen's appellate brief:

> It would also be illogical to argue a motor bicycle could be considered a motor vehicle for purposes of

§ 346.63(1) but not for purposes of § 346.595. The legislature drafted § 346.02(4) to provide continuity with the way bicycles and motor bicycles are treated under chapter 346. It ensures motor bicycles are *regulated the same way* bicycles are regulated, not the way motor vehicles are regulated. This is the plain meaning of the statute.

(Emphasis added.) This example does not persuade us because it is based on a faulty premise. We have already demonstrated that Koeppen is wrong when he says that WIS. STAT. § 346.02(4) "ensures motor bicycles are regulated the same way bicycles are regulated."

¶ 31. Koeppen presents no other example that might be construed as an absurd results argument. Thus, we move on.

E.    *Whether A "Motor Bicycle" Sometimes Is And Sometimes Is Not A "Motor Vehicle"*

¶ 32. Finally, we address the State's contention that it matters that the complaint alleges facts showing that, when Koeppen was observed operating the motor bicycle, he was not pedaling, but rather was relying on the motor bicycle's power unit. As we have seen, the State contends that Koeppen was operating a "motor vehicle" because, at the time Koeppen was riding the vehicle he was on, it fit the definition of "motor vehicle" in the traffic statutes. *See* WIS. STAT. § 340.01(35) (" 'Motor vehicle' means a vehicle . . . which is self-propelled . . . ."). Taking into account that motor vehicles are, by definition, "self-propelled," the State argues that a motor bicycle sometimes is and sometimes is not a "motor vehicle" for purposes of the OWI/PAC statute. In the State's view, when a motor bicycle is entirely manually operated—that is, pedaled only—it is not a "motor vehicle" because it is not

826

self-propelled. However, when, as here, a motor bicycle is operated in a self-propelled manner, it is a "motor vehicle" for purposes of the traffic statutes. The State acknowledges that there might be a factual dispute about whether a particular observed motor bicycle is self-propelled or being pedaled. But the State contends that here, where the question is whether the complaint alleges probable cause, that possibility does not matter because the complaint plainly alleges that the motor bicycle Koeppen was riding was self-propelled.[6]

¶ 33.  We perceive no need to decide whether the State is correct in its view that a motor bicycle sometimes is and sometimes is not a "motor vehicle." Koeppen does not contend, in the alternative, that the complaint here fails to sufficiently allege that the motor bicycle Koeppen was riding was self-propelled at the pertinent time. Rather, Koeppen merely asserts that the State's sometimes-is-and-sometimes-is-not discussion highlights a potentially problematic aspect of the interpretation urged by the State. For example, Koeppen points out that the State "never addresses whether a motor bicycle should be considered a motor vehicle when the cyclist is simultaneously pedaling *and* using the electric motor power unit."

---

[6] In light of our discussion in ¶ 22 above pointing out that the definition of "moped" seems to include some vehicles that can be propelled solely by the rider pedaling, we wonder whether the State would take a similar sometimes-is-and-sometimes-is-not position on a moped with pedals. Or, would the State instead rely on the moped definition's use of the term "motor vehicle" to argue that mopeds are always "motor vehicles"? Or, would the State argue something else? We pose these questions to further highlight why we leave for another day the State's sometimes-is-and-sometimes-is-not argument with respect to motor bicycles.

¶ 34. While we need not and do not resolve whether the State's view is correct, the parties' discussion does prompt us to stress that the validity of the State's sometimes-is-and-sometimes-is-not theory is not readily apparent and, therefore, that we do not weigh in on the State's argument that a motor bicycle is not a "motor vehicle" within the meaning of WIS. STAT. § 340.01(35) and the OWI/PAC statute if the motor bicycle is being propelled by the rider pedaling, rather than by a power unit.

*Conclusion*

¶ 35. For the reasons above, we reverse the order of the circuit court dismissing the OWI/PAC charges and remand with directions that the circuit court permit the prosecution to file an amended complaint that includes those charges.

*By the Court.*—Order reversed and cause remanded with directions.